## TIMOTHY WELCH AND HERBERT VANCE v. D. R. DARLING.

*Statute of Frauds.    Title to Land.    Parol Contract.*

1. When one agrees to deed real estate, and receives pay therefor, but refuses to convey according to the contract, and retains possession, he is liable in assumpsit for the purchase money.

2. The plaintiffs purchased the defendant's mill, house and shop, under a verbal agreement, by which they were to pay down $200, and give their note and mortgage for the balance. They paid the $200 and offered to perform on their part, but the defendant finally declined to deed on the terms of the contract; *Held*, that it was unnecessary to tender the note and mortgage.

3. STATUTE OF FRAUDS. One of the plaintiffs took the key to the house and painted the floor; but they had no use of the premises, exercised no control as purchasers, and had no possession to the exclusion of the defendant; *Held*, that the contract was within the statute.

ASSUMPSIT. Heard on a referee's report, June Term, 1885, Caledonia County, Ross, J., presiding. Judgment for the plaintiffs.

It appeared from the report, that on Saturday, May 19, 1883, the plaintiffs made a verbal trade with the defendant, by which the latter agreed to sell, and they to purchase, a saw-mill, dwelling-house, blacksmith shop and tools, and land connected therewith belonging to the defendant, for the price of $1,650, $200 of which was to be paid down, and the balance in the note of the plaintiffs, payable in March, 1884, secured on the property conveyed; and that the parties agreed to meet the next Monday morning at the town clerk's office and make the writings. They meet accordingly, when the defendant said that he did not know about taking a mortgage, as he had not determined what he should do; might go West, and should need all his money, etc., if he did; if he did not go he would wait for the balance as he had talked, and wanted thirty days to determine. The town clerk made a memorandum, signed only by himself, of what was agreed upon. The defendant executed

a deed of the premises, and left it with Judge J. R. Darling, the town clerk. In a few days the plaintiffs left the $200 with the town clerk, which he paid to the defendant. Within the thirty days the defendant met plaintiff Welch, and told him that he would take his pay as they had talked. Matters ran along some time, when the defendant, in effect, declined to take a mortgage. Afterwards, the defendant sent Judge Darling to see the plaintiffs as to what they would do, and, as a last resort, to take their note and mortgage, payable the next March. Judge Darling saw Welch and asked him if they would give such note and mortgage, but did not inform him that defendant had told him that he would take such note. Welch told him that he had nothing further to say. The defendant took the deed back from Darling and the key from Welch. The other facts are sufficiently stated in the opinion.

*Smith & Sloan*, for the defendant.

The plaintiffs had taken possession and had the key to the dwelling-house. The parties could not be put in *statu quo;* the plaintiffs could not rescind. *Weeks* v. *Robie*, 42 N. H. 316. They could have compelled the delivery of the deed. *Cobb* v. *Hall*, 29 Vt. 510.

*R. M. Harvey*, for the plaintiffs.

The plaintiffs are entitled to recover the $200. *James* v. *Hodsden*, 47 Vt. 127; *Bank* v. *Stoddard*, 1 D. Chip. 157; *Cobb* v. *Hall*, 29 Vt. 510; *Cobb* v. *Hall*, 33 Vt. 238; *Lawrence* v. *Dole*, 11 Vt. 549. The Statute of Frauds does not apply. *Hawley* v. *Moody*, 24 Vt. 603. There was no necessity of making a tender of the note. *Hard* v. *Brown*, 18 Vt. 87.

The opinion of the court was delivered by

WALKER, J. The contract in this case was concerning the title to land, and not being reduced to writing and signed by the parties, was within the Statute of Frauds.

No question is made but the two hundred dollars, which the

plaintiffs seek to recover in this action, were paid by them to the defendant toward the agreed price of the land.

It appears from the referee's report that the plaintiffs had no use of the premises bargained for under their agreement to purchase, and that they had no possession of the same, except they looked over the mill to determine what repairs and improvements were necessary to be made, and the plaintiff Welch took the key to the dwelling-house and had the defendant change the place of the running water and make some repairs to the floor of the house, which Welch painted. They exercised no control over the premises as purchasers, and did not have any possession thereof to the exclusion of the defendant. After the defendant made his election under the agreement of May 21st, and notified the plaintiff Welch that he would take the plaintiffs' note for the balance of the purchase money; payable in March, 1884, secured by a mortgage on the property bargained to them, the plaintiffs were ever ready and willing, and repeatedly offered to execute their note to the defendant for the balance of the purchase money, and secure it by a mortgage on the premises according to the terms of the agreement; but the defendant, when requested by the plaintiffs to deliver them a deed of the premises and close up the matter, declined to take their note and mortgage on the premises as agreed, and refused to have the deed delivered to the plaintiffs unless he could have a good note for the balance of the purchase money payable on demand, or the money; whereupon the plaintiffs informed him that they would compel him to pay back the two hundred dollars, for which this suit was brought.

The defendant's refusal to deliver the deed and to perform the contract on his part, according to the terms thereof, rendered it wholly unnecessary for the plaintiffs to tender their note and mortgage to him. They were ready to perform on their part, and, with the defendant's refusal, did all the law required of them to establish their right to recover the purchase money paid by them to the defendant.

It is the universal rule upon this subject that when the party agreeing to deed refuses to convey according to the contract, and retains the possession of the premises, the party paying the purchase money may recover it back. What is done under the contract and in part performance of it is valid, and the rights of the parties in respect thereto may be enforced in a court of law.

Judgment affirmed.