JOHN WYVELL vs. M. S. JONES.

June 8, 1887.

Contract for Sale of Land—Remedy for Breach.—*Bennett* v. *Phelps*, 12 Minn. 216, (326,) followed and applied.

Appeal — Findings outside of Issues in Pleadings — Presumption.—When none of the proceedings at a trial are returned, it will not be presumed that findings are improper because some of them are outside of the issues raised by the pleadings.

Plaintiff brought this action in the district court for Otter Tail county, to recover $80.50, the value of goods alleged to have been sold and delivered to the defendant. The answer alleges the oral agreement recited in the opinion, and that the goods in question were furnished thereunder, and that plaintiff failed to perform the agreement. A jury was waived, and the action tried by *Baxter*, J., who found the facts recited in the opinion, and ordered judgment for plaintiff, which was entered, and the defendant appealed.

*E. E. Corliss*, for appellant.

The respondent having refused to make payment of the purchase price, there was no necessity to tender a deed. *Gill* v. *Newell*, 13

Minn. 430, (462;) *Pinney* v. *Jorgenson*, 27 Minn. 26; *Roberts* v. *Mazeppa Mill Co.*, 30 Minn. 413; *Currie* v. *White*, 45 N. Y. 822; *Bunge* v. *Koop*, 48 N. Y. 225; *Blewett* v. *Baker*, 58 N. Y. 611; *Wright* v. *Young*, 6 Wis. 127; *McWilliams* v. *Brookens*, 39 Wis. 334; *Carpenter* v. *Holcomb*, 105 Mass. 280.

*Clapp, Woodard & Cowie*, for respondent.

BERRY, J.  Some time in the summer of 1882, plaintiff and defendant made an oral agreement, by the terms of which the latter undertook to sell to the former certain land for the price of one hundred and sixteen dollars, eighty to one hundred dollars of which was to be paid in furniture, and the balance in cash, in November, 1882.  The defendant was to execute and deliver a warranty deed to plaintiff; and as, at the time when the contract was made, the defendant had not acquired title, it was further agreed that the plaintiff should have time until the execution and delivery of the deed (though *after* November, 1882) in which to pay the balance spoken of.  Shortly after the contract was made, plaintiff delivered to defendant, under the contract, furniture to the amount of $80.50, and about the same time went into possession of the land.  Defendant acquired title in May, 1884, and in the month of September following demanded of plaintiff the unpaid balance of the purchase price, which plaintiff refused to pay, but defendant never executed nor tendered any deed of the land to plaintiff.  In November, 1884, without plaintiff's knowledge or consent, the defendant sold and conveyed the land to one Winslow, who, upon the findings, must be taken to have gone into possession thereof.

We agree with the counsel for plaintiff that this case is in all substantial respects ruled by *Bennett* v. *Phelps*, 12 Minn. 216, (326.) See, also, *Taylor* v. *Read*, 19 Minn. 317, (372.)  Under the contract of the parties, the execution and delivery of the deed by the defendant, and the payment of the balance of the purchase-money, were to be simultaneous and concurrent; and hence, if the defendant desired to put the plaintiff in default, it was his duty to accompany his demand of the unpaid balance of the purchase-money by a tender of a deed. The *mere refusal* of the plaintiff to pay such balance, in the absence of such tender, was not enough.

This disposes of the merits of the case.  As none of the proceedings upon a trial are before us, we cannot consider the point made upon the facts that some of the findings are outside of the issues raised by the pleadings.  Error or impropriety on the part of the court in this respect is not to be presumed.  The case stands on a different footing from *City of Winona* v. *Minnesota Ry. Const. Co.,* 27 Minn. 415, 427,ª(6 N. W. Rep. 795, 8 N. W. Rep. 148.)

Judgment affirmed.