THOMAS H. PRESSNELL *vs.* JOHN LUNDIN.

November 29, 1890.

Vendor and Purchaser—Oral Contract—Refusal to Convey—Recovery of Price Paid by Purchaser.—A complaint showing a payment by the plaintiff to the defendant of the price of land, under a verbal contract on the part of the defendant to convey the same, and showing the refusal of the defendant to so convey, *held* to state a cause of action at least for the recovery of the money paid.

Appeal by defendant from an order of the district court for St. Louis county, *Ensign*, J., presiding, refusing a new trial, after trial by the court and judgment ordered for plaintiff vesting in him title in fee to the 40 acres of land mentioned in the opinion.

*W. E. Wright*, for appellant.

*Draper & Davis*, for respondent.

DICKINSON, J. At the trial of this cause the defendant objected to the introduction of any evidence under the complaint, upon the ground that it did not state facts sufficient to constitute a cause of action; and, at the conclusion of the plaintiff's evidence, it was

moved that the case be dismissed for the same reason.   The only er-
ror assigned by the defendant upon this appeal from an order refus-
ing a new trial is that the court erred in ruling adversely to the de-
fendant in the two particulars above specified.   The sole question
thus raised is whether the complaint stated facts entitling the plain-
tiff to any relief.   This brief statement of what is more fully set forth
in the complaint will be sufficient:  The plaintiff and defendant made
an agreement orally to purchase a certain tract of 120 acres of land
from one Miller.   The plaintiff was to pay $200 of the purchase price,
and the defendant the remainder, $1,440, which they did do.   The
conveyance of the whole land should run to defendant, but the deed
should be delivered to one Swanstrom, to be held by him without be-
ing recorded until the defendant should execute to the plaintiff a con-
veyance of a certain 40 acres, part of the same lands.   Simultaneously
with such latter conveyance, the deed of Miller, in the hands of
Swanstrom, was to be delivered to the defendant.   The deed from
Miller to the defendant was executed and delivered to Swanstrom, in
accordance with the agreement.   The defendant refused to convey the
40 acres to the plaintiff.   The defendant, with intent to defraud the
plaintiff, procured from Miller a second deed of conveyance to him-
self of the whole premises, and placed the same on record, and has
never repaid to plaintiff the $200 of the purchase price paid by him.
The defendant relies upon the invalidity of the contract, because it
was not in writing.   Whether the plaintiff acquired any rights in re-
spect to the land itself which a court of equity might recognize and
enforce, need not be considered.   Even though he did not, he was at
least entitled, upon the refusal of the defendant to perform the agree-
ment, to recover the purchase price paid by the plaintiff.   *Bennett* v.
*Phelps*, 12  Minn. 216, (326;)  *Taylor* v. *Read*, 19  Minn. 317, (372;)
*Wyvell* v. *Jones*, 37 Minn. 68, (33 N. W. Rep. 43.)   The complaint,
therefore, did set forth a good cause of action, at least for the recov-
ery of the $200, and the rulings of the court were correct.

Order affirmed.