GRACE B. CRAM v. THOMAS THOMPSON.[1]

July 25, 1902.

Nos. 13,071—(140).

**Verbal Agreement for Lease—Enforcement.**

An oral agreement was made for a lease of real property for a year, to take effect in the future. The intended lessee requested certain improvements in the premises, which were assented to by the intended lessor, and money expended thereon by her. At the time when the lease was, under the agreement, to be executed, the intended lessee refused to accept the same or carry out the oral agreement on his part. The owner of the property formally offered to comply with its terms, but, upon the refusal of the other party, then leased a portion thereof to a third party, and brought suit to recover damages for the failure to execute the lease. *Held*, that an action would not lie for damages under these facts, upon the ground that the agreement was void under the statute of frauds.

Appeal by plaintiff from an order of the district court for St.

1 Reported in 91 N. W. 483.

Louis county, Cant, J., denying a motion for judgment notwith-standing the verdict or for a new trial. Affirmed.

*Francis W. Sullivan*, for appellant.

*H. B. Fryberger*, for respondent.

LOVELY, J.

This is an action to recover damages for defendant's refusal to execute a written lease of two stores in the city of Duluth. The case was tried to the court and a jury. At the termination of the evidence a verdict was directed for defendant. This appeal is from an order denying a motion for judgment or for a new trial in the alternative.

The material facts which under our view are determinative of this appeal may be briefly stated. Plaintiff was the owner of two stores in the city of Duluth. Defendant desired a written lease therefor for one year, the time to commence at a future date. Certain improvements were requested by the intended lessee; plaintiff consented to make them, and declined to renew leases with the tenants then in possession, but proceeded to make the changes desired by defendant, although some of the repairs were not wholly completed at the time when the lease was to be executed. Defendant, before the time for the delivery of the lease, declined to accept the same, although such an instrument was duly prepared and properly tendered by plaintiff, who; after the tender and refusal, leased one of the stores to a third party. After one of the periods when the rent would become due under the agreement, plaintiff brought this suit setting up the facts above stated, and claiming a specified sum for damages, which was the exact amount she would have been entitled to for the rental of the property remaining unleased had the written lease been actually executed. Defendant insists that there was no valid agreement for a lease of the premises, and that an action cannot be maintained for damages for the rental value thereof, or any sum, upon the ground that such agreement was void under the statute of frauds. G. S. 1894, §§ 4209, 4212, 4213.

It cannot be questioned that, whatever the relationship of the parties may have been, the agreement for the future execution of the lease was void, as it was not in writing, and could not be

performed within a year. Jellett v. Rhode, 43 Minn. 166, 45 N. W. 13; Spinney v. Hill, 81 Minn. 316, 84 N. W. 116. But it is urged that, since plaintiff declined to renew the leases of the incumbents of the building for another year, and made valuable repairs to meet the desire of the defendant in reliance upon his oral promise to take the building, this was a part performance, took the case out of the statute of frauds, and entitled her to damages to the same extent as if the lease had been actually executed. It seems to us that this is giving an undue effect to the doctrine of partial performance which would wholly defeat the practical effect of long-established legal barriers. It is true that a court of equity has power to decree specific performance of an agreement invalid because not in writing, when partially executed (G. S. 1894, § 4216), but this can be done only in an action to establish the agreement itself upon equitable grounds.

We are not able to adopt the view that the result desired by the plaintiff would be the same as if the aid of a court of equity had first been had to obtain such relief, and therefore might be accomplished by a short cut in an action at law to be tried to a jury. The conditions which control a court of equity in decreeing specific performance are peculiar, and appeal distinctively to equitable considerations, and its jurisdiction must be exercised through equitable procedure. It would be as unjust to submit to a jury the right to a specific performance, or to establish an oral agreement directed by a court upon the theory of partial performance, which is necessarily a preliminary incident to an action for the recovery of damages, as to submit to a jury the reformation of a written instrument or any other substantial cause of action belonging exclusively to equitable jurisdiction. On the trial it was not until after the testimony had been heard that it was clearly apparent that the plaintiff depended upon establishing the lease to justify a recovery of damages, when the court directed a verdict against her; and we think this direction was clearly right, not only upon the grounds above indicated, but for the further substantial reason that courts will only give damages in such cases where specific performance is prevented by some act which renders such performance by the party against whom the suit is brought impossible,

but otherwise where the acts of the party seeking the damages have made the decree impossible. Townsend v. Fenton, 30 Minn. 528, 531, 16 N. W. 421. Upon the conceded facts in this case the leasing of one of the stores to a third party by plaintiff after the defendant refused to accept the written lease made it impossible for the plaintiff to have complied with the oral agreement had the court established the same by decree.

The paramount difficulty with plaintiff's claim in this case is the inexorable force of the statute of frauds, which sometimes may be invoked to further the ends of injustice, but generally rests upon substantial grounds of public policy that requires the courts to recognize and enforce its wisdom in all cases falling within its purview, and this we regard as one of them.

Order affirmed.