HENRY BROSIUS v. EFFIE J. EVANS.[1]

November 20, 1903.

Nos. 13,703—(107).

**Oral Lease—Statute of Frauds.**

It conclusively appears from the evidence in this case that a contract for the leasing of premises was oral, and that it was not to be executed within one year from the date it was entered into, and it was therefore void under the statute of frauds.

Appeal by defendant from a judgment of the district court for Polk county, Watts, J. Affirmed.

[1] Reported in 97 N. W. 373.

*Adler C. Clausen,* for appellant.

*Martin O'Brien,* for respondent.

LEWIS, J.[2]

Action in unlawful detainer to recover possession of premises claimed to have been rented under a tenancy at will, from month to month. Defense, that appellant was holding possession under a lease for the period of one year. At the close of the case the court directed a verdict in favor of plaintiff upon the ground that, if the term of tenancy was for the period of one year, the agreement was not in writing, and within the statute of frauds.

Respondent, residing at Crookston, owner of the property, testified that on January 26, 1903, by oral agreement, he rented the premises to appellant at the rate of $50 per month; possession to be taken on February 1, following, but for no definite length of time. Appellant testified that the conversation took place on January 26, but that she rented the premises for one year, to commence on February 1; that she then returned to her home at Cass Lake, and on January 28 again appeared at Crookston, and notified respondent that she had come back sooner than expected, and was ready to take possession the following day, January 29, on the terms agreed upon January 26. There is a distinct conflict in the testimony as to whether the contract was for a tenancy at will, at the rate of $50 per month, or whether the term was for the period of one year.

Conceding appellant is correct as to what the contract was, yet, being a verbal agreement, it would be void, under the statute of frauds, if by its terms it was not to be performed within one year from the date it was entered into. It conclusively appears from the evidence that, whatever the agreement was, it was completed on January 26; and, if there was any modification made on the 28th, it was simply to the effect that appellant was to take possession two days earlier than originally agreed. But even if the evidence indicated a new contract entered into January 28, for the period of one year, it was not to take effect until the day following, and appellant did not take possession in pursuance of the agreement until then; and therefore, the agreement being oral, it was within the statute, and the trial court was cor-

[2] START, C. J., absent, took no part.

rect in directing a verdict for plaintiff.   Jellett v. Rhode, 43 Minn. 166, 45 N. W. 13; Johnson v. Albertson, 51 Minn. 333, 53 N. W. 642.

· No error was committed in refusing to grant a continuance upon the ground that the witnesses would corroborate respondent as to the nature of the contract, for the testimony, if received, would be immaterial.

Judgment affirmed.