## HENRY FREY v. J. T. STANGL, Appellant.

**Pleadings:** ELECTION OF REMEDIES : ' NONPREJUDICIAL RULING. Where the original petition in an action embracing several counts is superseded at the trial by an amended and substituted petition, no prejudice arises by a refusal of the court to require the plaintiff to elect on which count of the original petition he will proceed.

**Trial:** CONFLICTING EVIDENCE : SUBMISSION OF ISSUES. Under conflicting evidence the question of whether money paid and sought to be recovered back was paid pursuant to a written contract between the parties, or in part performance of a subsequent oral contract, was for the jury.

**Real property:** ORAL CONTRACT TO CONVEY : PART PAYMENT : DUTY OF VENDOR. Where the vendee pays money in part performance of an unenforceable oral contract for the purchase of land, the law implies a promise by the vendor to repay the same, or to perform the contract on his part.

**Same:** RECOVERY OF MONEY PAID IN PART PERFORMANCE. An oral contract for the sale of land is enforceable as between the parties unless the making of the contract is denied by the pleadings, as provided by the statute; and a vendee can not repudiate the agreement and recover money paid in part performance where the vendor is ready and able to perform his part of the contract.

**Same:** STATUTE OF FRAUDS. Where the vendor denies making an alleged oral contract for the sale, of land and pleads the statute of frauds the vendee may recover the amount paid in part performance.

**Same:** RECOVERY OF AMOUNT PAID: DEMAND. Where the vendor of land by oral contract, as in this case, failed to join with his wife in the execution of a deed to property and left the state without communication with the vendee on the subject, the vendee was entitled to recover the amount paid on the contract without previous demand.

**Evidence:** MOTION TO STRIKE. A motion to strike the entire answer to an interrogatory should be denied where a portion of the answer was proper.

*Appeal from Carroll District Court.*—HON. Z. A. CHURCH, Judge.

MONDAY, APRIL 11, 1910.

ACTION to recover for money paid on a parol contract for the purchase of land in Missouri resulted in judgment as prayed. The defendant appeals. *Affirmed.*

*Reynolds & Myers,* for appellant.

*Saul & Helmer,* for appellee.

LADD, J.—The parties hereto entered into a written contract March 11, 1904, by the terms of which plaintiff undertook to buy of the defendant for the consideration of $16,000, two hundred and forty acres of land in Missouri. Therein he agreed to assume the payment of an indebtedness of $6,000 and another of $6,200 secured by trust deeds of the land, to execute a note to defendant for $2,300 upon taking possession of the same with a deed of trust securing it, March 1, 1905, and presently to execute a note for $1,500 payable without interest on that day. The instrument contained no recitals of what was required of defendant. On the same day the plaintiff executed his note of $1,500 payable to defendant, and the latter, shortly thereafter, indorsed it to a local bank.

The deal was never closed, but the plaintiff paid the note January 18, 1905, and in this action seeks to recover the amount so paid, with interest.

The original petition was in three counts, but as this was superseded by an amended and substituted petition, after introduction of the plaintiff's evidence in chief, the

1. PLEADINGS: election of remedies: nonprejudicial ruling.

defendant was in nowise prejudiced by the refusal of the court to require plaintiff to elect on which count of the original petition he would proceed. The issues as finally joined involved inquiries as to whether, because of misrepresentations as to the date of the maturity of the indebtedness secured by trust deeds, the written contract was abandoned, and an oral agreement modifying it or in lieu thereof was entered into, as to whether the note of $1,500 was paid by plaintiff to relieve himself of any obligation under the written contract or in part performance of the oral agreement, and as to whether in the latter event the statute of frauds of the state of Missouri operated to defeat recovery. The defendant expressly denied the making of any oral agreement for the sale of the land, and alleged that if one was made such statutes rendered it unenforceable.

That the written contract was abandoned and a subsequent oral agreement for the purchase of the land entered into which was not fully performed appears from

2. TRIAL: conflicting evidence: submission of issues.

the evidence. Whether the $1,500 was paid to release plaintiff from his obligation under the written contract or in part performance of the subsequent oral agreement was submitted to the jury, and rightly so, as the evidence bearing thereon was in conflict. There was also a conflict in the evidence as to whether as a part of the oral agreement plaintiff undertook to execute new trust deeds and deliver to defendant his note secured by trust deeds on the land, and because of the exactions of the party

holding these refused to carry out the oral agreement, or whether under this defendant was to procure the extension of time of payment of the indebtedness either under the existing trust deeds or upon the execution of new ones, and, owing to said exactions, he did not comply. In other words, there was some conflict in the evidence as to which party was at fault in not executing the oral understanding between them.

The main contention of appellant in argument is that the evidence concerning the oral understanding of the parties was not admissible because of the statute of frauds of the state of Missouri, where the parol agree-

3. REAL PROPERTY: oral contract to convey: part payment: duty of vendor.

ment was had. Conceding, without deciding, that the statute of that state is controlling, and that part payment did not operate as an exception thereto, it is to be said that the design of this action is not to enforce an oral modification of the written agreement or subsequent oral contract, but to compel the restitution of the money paid as part performance thereof. If the vendee paid the money on faith and in part performance of a nonenforceable oral agreement, the law implies a promise on the part of the vendor to repay the same, or else perform on his part. *Tucker v. Grover,* 60 Wis. 233 (19 N. W. 92); *Littell v. Jones,* 56 Ark. 139 (19 S. W. 497); *Pressnell v. Lundin,* 44 Minn. 551 (47 N. W. 161); *Welch v. Darling,* 59 Vt. 136 (7 Atl. 547; 29 Am. & Eng. Ency. of Law (2d Ed.) 836). These are decisions to the effect that the right of recovery depends solely upon whether the contract is binding on the vendor, holding that, if not, then recovery may be had for the part performance, regardless of who in fact repudiated the parol agreement. *Reynolds v. Harris,* 9 Cal. 338; *Flinn v. Barber,* 64 Ala. 193; *Brandeis v. Neustadtl,* 13 Wis. 142. But the great weight of authority in this country, as well as in England, is to hold that where the vendee has

repudiated a parol agreement, or where the vendor stands ready, able, and willing to perform his contract, the latter may successfully defend by setting up the express contract and his readiness to comply therewith. The difference in the rulings seems to depend on the wording of statutes, those construed in the cited cases declaring an oral contract for the sale of land void. In this state such contracts are valid; the statute merely prescribing the rule of evidence concerning their proof. As between the parties, such agreement may be enforced as fully as though in writing, unless denied by the pleading, and may be established by the testimony of the adverse party. Sections 4627, 4628, Code. What may be the procedure in Missouri does not appear from the record, but the rule as last stated prevails in that state. *Luckett v. Williamson,* 37 Mo. 388; *Galway v. Shields,* 66 Mo. 313 (27 Am. Rep. 351).

As the contract is not void, it is manifest that the vendee may not recover money paid in part performance, if he has elected to repudiate the agreement, or if the

4. SAME: recovery of money paid in part performance.

vendor is ready, able, and willing to perform the agreement on his part. The authorities in general so hold. Thus in *Shaw v. Shaw,* 6 Vt. 69, the court said: "When one party has partly performed under such a contract, he can not recover over what he has done, unless the other party insist upon the statute and refuse to perform. This is too obviously just to require comment, and to disregard it would do violence to every leading principle. The contract can not be considered void as long as he, for the protection of whose rights the statute is made, is willing to treat and consider the contract good." *Lane v. Shackford,* 5 N. H. 130: "We are of the opinion that the plaintiff is not at liberty to treat the contract for the sale of land in this case as void, unless the defendant refused,

or disabled himself, to perform it. If one man contracts with another to perform labor, and receive as a compensation the conveyance of a particular tract of land, although the contract to convey the land is not a proper foundation for an action, yet common honesty and fair dealing require that he shall not be at liberty to refuse the land and demand money until the other party has refused to execute the contract. But we have no doubt that in general, when a contract within the statute of frauds has been in part executed by one party, there is a plain remedy for such party to a certain extent in a court of law, if the other party fraudulently refuse to execute the contract on his part. If money has been paid, it may be recovered back. If labor has been performed, a compensation for it may be recovered." *Coughlin v. Knowles,* 7 Metc. (Mass.) 57 (39 Am. Dec. 759): "The provisions of the statute are not so broad as to entitle a party who has entered into an oral contract by which he is to receive a conveyance of land, and toward payment for which he has made advances in money, to set aside such contract as a nullity, and reclaim the money so advanced, the other party being no way in fault, being both able and ready to perform his contract, and to make the conveyance in the manner stipulated by the oral agreement." See, also, *Eaton v. Eaton,* 35 N. J. Law, 290; *Day v. Wilson,* 83 Ind. 463 (43 Am. Rep. 76); *Crabtree v. Wells,* 19 Ill. 55; *Venable v. Brown,* 31 Ark. 564, where it is said: "Where a person has paid money, or delivered property upon a parol contract for the purchase of land, which is void by the statute of frauds, he can not maintain an action to recover back the money or property so paid, or delivered, so long as the other party to whom the money has been paid, or property delivered, is willing to perform." *Richards v. Allen,* 17 Me. 296.

The reason for the ruling is thus stated in *Abbot v.*

*Draper,* 4 Denio (N. Y.) 51: "When the vendor refuses to go on with the contract, or has parted with his title so that he can not perform, he is then in the wrong, and, having himself put an end to the contract, there is no longer any consideration for the payments which has been made under it; and the law will imply a promise to restore the money. But can the law imply a promise to refund the money so long as the vendor is not in default? The payment was a voluntary one, made with a full knowledge of all the facts. Every time a payment was made and received the parties virtually said, 'Although the law will not enforce this contract, we will go on and carry it into effect.' The money is not received as a loan, but as a payment; and, so long as the vendor is able and willing to perform the contract on his part, he holds the money as owner, and not as a debtor. The consideration upon which the money was paid has not failed; and there is nothing from which a promise to repay can be justly implied." See Brown on Statute of Frauds, sec. 122.

It will be noted that defendant did not plead his readiness or ability to perform, and not only denied the making of the parol agreement, but interposed the statute of frauds of the state of Missouri as a defense. 5. SAME: statute of frauds. Though this did not constitute a defense to an action like this, it did indicate a denial of any obligation to perform the oral agreement if such there were, and surely in this state of the record it can not be assumed that, had plaintiff performed his part, the defendant would have conveyed the land. Even though plaintiff did not perform as agreed, recovery of the money paid in part performance ought not to be denied, unless it affirmatively appear that defendant was ready, willing, and able to have performed on his part; otherwise such part performance was without consideration. In other words, the denial of making the contract and the interposition of the statute of frauds amount-

ed to a repudiation of the oral contract, if any there was, and if the $1,500 was paid in part performance of the oral agreement the plaintiff, in view of the condition of the pleadings, was entitled to recover. This in effect was what the jury were told in the eighth and ninth instructions.

Ordinarily, a previous demand is essential in such a case. *Abbot v. Draper, supra.* The circumstances, however, were such as to show conclusively that it would have been unavailing. Though defendant had a deed duly executed by his wife in his possession, he did not join therein or deliver the deed, but without so doing or restoring the money to plaintiff immediately left the state, and communicated with him no further. This conduct obviated the necessity of a demand, as it plainly demonstrated an intention to appropriate the money previously paid.

6. SAME:
recovery of
amount paid:
demand.

The motion to strike the entire answer to the second interrogatory propounded in the deposition of Flook was rightly overruled; for, conceding a part to have been improper, the remainder was admissible. No error appears in the ruling on the motion to suppress this deposition; the record not disclosing that the motion was filed in apt time. Section 4712, Code. As the answer to the second cross-interrogatory propounded to the witness Kirk was included in that to the first cross-interrogatory, the motion to suppress his deposition was rightly overruled. The papers in the attachment proceedings in the suit of the Bank v. Defendant were admissible as bearing on the arrangement in pursuance of which the note was paid.

7. EVIDENCE:
motion to
strike.

We discover no error in the record, and the judgment is *affirmed.*