# E. E. HANSON v. J. B. MARION.[1]

February 19, 1915.

Nos. 19,029—(238).

**Statute of frauds — lease for more than one year.**

1. Cram v. Thompson, 87 Minn. 172, to the effect that a parol agreement to execute a lease of real property, the lease when executed to extend over a longer period than one year, is within the statute of frauds and unenforceable, followed and applied.

**Same — evidence of estoppel.**

2. The conclusion of the trial court that there was no evidence to justify an application of the doctrine of estoppel, and thereby to preclude defendant from invoking the statute, *held* sustained by the record.

**Motion to dismiss.**

3. Where it does not appear from the pleadings that the contract sued upon was in parol and within the statute of frauds, the statute may be taken advantage of by motion to dismiss at the close of plaintiff's case.

**Waiver.**

4. In such case the failure to object to the evidence when offered is not a waiver of the right to rely upon the statute.

**Statute of frauds — construction of section.**

5. The statute (section 6998, G. S. 1913) declares that no action can be maintained upon a contract therein referred to, unless in writing. It is *held* that the statute is not to be construed as prescribing a mere rule of evidence, but rather as precluding the substantive right of action upon the oral contract.

**Finding or verdict based on incompetent evidence.**

6. The rule that incompetent evidence received without objection is sufficient upon which to base a finding or verdict, applies only when such evidence establishes or tends to establish an enforceable right.

**Same.**

7. It has no application where the fact shown or proven by the incompetent evidence furnishes no basis for recovery or of a right of action; as an oral agreement within the statute of frauds which the statute declares unenforceable.

1 Reported in 151 N. W. 195.

Action in the district court for Steele county to recover $759 for breach of agreement to execute a written lease of certain farm land. The case was tried before Childress, J., and a jury which returned a verdict in favor of plaintiff for $400. Defendant's motion for judgment in his favor notwithstanding the verdict was granted. From the order and the judgment entered pursuant to the order, plaintiff appealed. Affirmed.

*Charles Spillane* and *Moonan & Moonan,* for appellant.

*J. A. & A. W. Sawyer,* for respondent.

BROWN, C. J.

Defendant owns a dairy farm in Steele county, which at the time here in question was in the possession of tenants under a lease expiring in March, 1914. Defendant was on the lookout for a new tenant to take the place of those whose term was to expire at the time stated. In September, 1913, plaintiff, a resident of Iowa, came to Steele county, this state, and was by one Duncan, whom defendant had employed to find a tenant, presented to defendant as an applicant for a lease of the farm. Negotiations were had by the parties and the terms of the lease agreed upon. The proposed lease was upon the basis of cash rent, payable at stated times, and the term of the lease extended for a period of one year from March 1, 1914, with the privilege of an extension thereof for the further period of three years. The rent was to be secured by mortgage, but there is a dispute as to the property to be included therein. While all preliminary matters were fully agreed upon at the time stated no written evidence thereof was made or signed. Plaintiff declined to execute a lease until he had returned to his home and obtained the consent of his wife. Defendant made no objection to this, but stated to plaintiff that if the wife's consent or approval was obtained, and plaintiff should within a week remit to defendant the sum of $50, on account of the rent to be paid, the contract would be put in writing and the lease prepared and signed upon plaintiff's return. Plaintiff's wife gave her assent, and within the time agreed upon plaintiff remitted to defendant the advance payment of $50. Plaintiff owned some personal property, part of which, a threshing machine, he shipped to

Minnesota, driving a team of horses overland, and returned to Steele county on September 27, 1913, and announced to defendant his readiness to sign and execute the lease agreed upon. A dispute at once arose as to the character of security plaintiff was to give for the deferred rent. Defendant insisted that he was to have adequate security, that plaintiff's effects which he had moved from Iowa were wholly insufficient, and he declined and refused to proceed further in the matter. No contract was signed or executed, and possession of the farm was refused to plaintiff. Defendant may have assigned at the time of declining to execute the lease reasons other than the inadequacy of security (plaintiff so testified), but such was the reason asserted on the trial. In any event, and whatever may have been the reasons, the parties separated and no written lease was prepared or executed by either. Defendant tendered back the payment of $50, which plaintiff refused to accept, and the same tender was again made on the trial of the action. Plaintiff brought this action to recover the damages alleged to have been suffered by reason of defendant's refusal to execute the lease, and the consequent breach of the verbal agreement to do so. The complaint alleged generally the making and entering into the agreement for the lease, and the damages suffered by defendant's refusal of performance. The answer was in effect a general denial. Plaintiff had a verdict. The court granted defendant's motion for judgment notwithstanding the verdict, and plaintiff appealed from the judgment entered in pursuance of such order. The theory on which the trial court granted the motion for judgment was that the agreement to enter into the contract of lease, not being in writing, was within the statute of frauds and unenforceable. In so deciding the trial court relied upon Cram v. Thompson, 87 Minn. 172, 91 N. W. 483.

The contentions of plaintiff are: (1) That the agreement to execute the lease, though the lease agreed upon extended for a period longer than one year, was independent of the lease itself, was to be performed by the execution of the lease within a year, namely, within a short time from the date of the agreement, and therefore was not within the statute of frauds; (2) that even though within the statute defendant is estopped by the facts presented from urging the statute

as a defense; and (3) that since all the evidence tending to prove the alleged contract was received without objection defendant waived the defense of the statute.

1. The first contention of plaintiff is disposed of by the case of Cram v. Thompson, supra. It was there expressly held that an oral contract to execute a lease, which when executed would extend for a period beyond one year, was within the statute and unenforceable. The question was squarely decided in that case and the decision must be deemed as settling the law on the subject in this state. There is no dispute in the case at bar that the lease when executed by the parties was to take effect in the future and for a longer period than one year. The agreement to enter into such lease is of no greater validity than an oral contract of lease, had one been entered into instead of the agreement to do so. If the oral agreement to enter into a lease which by the statutes (6998 and 7003, G. S. 1913) is required to be in writing, be held valid, then the purpose of the statute is wholly nullified, and may be avoided in all cases. The rule of the Cram case, which controls the question, seems in line with many of the authorities (4 Notes on Minn. Reports, 930; Tiffany, L. & T. 384; Harrell v. Sonnabend, 191 Mass. 310, 77 N. E. 764; Hurley v. Woodsides, 21 Ky. L. R. 1073, 54 S. W. 8; Strehl v. D'Evers, 66 Ill. 77; Smith v. Phillips, 69 N. H. 470, 43 Atl. 183; Jordon v. Greensboro Furnace Co. 126 N. C. 144, 35 S. E. 247, 78 Am. St. 644), though the courts are not in full harmony upon the question. Shakspeare v. Alba, 76 Ala. 351; Tillman v. Fuller, 13 Mich. 113; Donovan v. Schoenhofen Brewing Co. 92 Mo. App. 341. The distinction between the lease itself, and an agreement to execute the same is pointed out by Mr. Tiffany in his work on landlord and tenant. 1 Tiffany, L. & T. c. 6, p. 371. We, however, discover no sufficient reason for departing from the rule of the Cram case, and therefore follow and apply it as there laid down.

2. The second contention does not require discussion. A careful examination of the record discloses no evidence which would justify the conclusion that defendant by his conduct estopped himself from invoking the statute. There is no showing that defendant encouraged plaintiff to move his farming utensils to Minnesota before conclud-

ing the negotiations by the execution of the written lease, and no showing that defendant knew or had any reason to believe that plaintiff would incur any expense in that behalf. In fact plaintiff testified that nothing was said between the parties at the time of the preliminary negotiations about plaintiff's removal from Iowa, and for aught that appears from the record defendant had no reason to suppose that plaintiff would change his position until after the consummation of the agreement. The acceptance of the $50, when remitted by check, is not sufficient to constitute an estoppel to challenge the validity of the oral agreement, since it was returned to plaintiff, at least tendered to him at the time of the disagreement and final abandonment of the negotiations, and again at the trial of the action. The facts do not bring the case within Brown v. Hoag, 35 Minn. 373, 29 N. W. 135, and other like cases cited by plaintiff.

3. Was there a waiver of the statute by the failure of defendant to object to the evidence on the trial of the action? We think the question must be answered in the negative. The complaint, as heretofore stated, alleged in general terms the agreement for a lease of the land, and contains no suggestion that it was not in writing. The answer was in substance a general denial and was sufficient to put plaintiff to the proof of a valid enforceable contract. The evidence presented disclosed that the contract relied upon was in parol, and it was all received without objection. But at the close of plaintiff's case defendant raised the question of the statute of frauds by a motion to dismiss the action, and again by a request for a directed verdict. There are authorities which sustain plaintiff's contention that defendant waived the statute by not reasonably objecting to the evidence. 20 Cyc. 320, and citations there made. But such is not the rule heretofore applied in this state. The practice generally understood with us as correct was stated by Mr. Justice Mitchell in Iverson v. Cirkel, 56 Minn. 299, 57 N. W. 800, as follows:

"The rule * * * is that [defendant] may take advantage of the statute of frauds on the trial, either by objection to the competency of plaintiff's oral evidence when offered or by the objection, after its admission, that it does not prove a valid contract."

And the practice so announced has been followed in other cases.

Cram v. Thompson, supra; Brosius v. Evans, 90 Minn. 521, 97 N. W. 373; Tatge v. Tatge, 34 Minn. 272, 25 N. W. 596, 26 N. W. 121; Lally v. Crookston Lumber Co. 85 Minn. 257, 88 N. W. 846; O'Donnell v. Daily News Co. of Minneapolis, 119 Minn. 378, 138 N. W. 677. In these cases the bar of the statute did not appear from the pleadings, and the objection was entertained after the evidence had all been received. The rule applies whether the contract comes within sections 7002, 7003 or section 6998, G. S. 1913, and is void under the first, and unenforceable under the second of those sections of the statutes. In either case the statute may be invoked in the manner stated. The rule does not, however, necessarily apply where the complaint affirmatively alleges that the contract was not in writing, or the fact otherwise appears from the pleadings, or where the defendant by his answer admits the contract. Iverson v. Cirkel, supra. Where the character of the contract appears from the face of the complaint defendant must either demur thereto, or plead the statute in his answer, otherwise there is a waiver, and in such case the failure to object to the evidence would constitute a waiver of the objection that the contract was within the statute. 10 Standard Enc. Pr. 73 and 79, 3 Dunnell, Minn. Dig. § 8857. In the case at bar the pleadings squarely presented the issue whether a valid contract was entered into, and the question was properly raised.

4. Defendant invokes the general rule that incompetent evidence is sufficient proof of a fact when received without objection. Metropolitan Music Co. v. Shirley, 98 Minn. 292, 108 N. W. 271; Western Land Securities Co. v. Daniels-Jones Co. 113 Minn. 317, 129 N. W. 508. Rogers v. Stevenson, 16 Minn. 56 (68) is cited in support of the contention that the statute of frauds here involved (section 6998) merely prescribes a rule of evidence, and it is urged that since the evidence was received on the trial without objection it was sufficient to establish the contract in question. It may well be doubted whether the court intended in that case to so construe the statute. The language of the statute is that "no action shall be maintained" upon the contracts there referred to unless in writing, and though the statute may be waived by the party entitled to invoke it, it is clear that the legislature intended by its enactment something

more than a mere rule of evidence. If the statute declared that no evidence of such a contract was admissible unless in writing, the construction claimed for it would be well grounded. But it does not so read, and the construction of the statute heretofore has been that the contract is unenforceable, and not as a limitation of the mode of proof. Our decisions holding that incompetent evidence when received without objection is sufficient proof of a fact, do not therefore apply. The rule has application, for illustration, when parol evidence of the terms of a written contract is received without objection; where conversations with a person since deceased are received without objection; and in other instances when the fact thus proven establishes or tends to establish an actionable right. It clearly can have no application where the fact established by the incompetent evidence furnishes no basis for a recovery. In the case at bar the statute declares that no action shall be maintained upon an oral contract of the kind here in question, and this prohibition cannot well be brushed aside by a rule of the court based upon the method of proving the unenforceable contract.

Judgment affirmed.