### C. E. HEWITT v. WINNIFRED PARMENTER.[1]

November 7, 1930.

No. 28,195.

*Sasse, French & Dunnette,* for appellant.
*Wright, Nelson & Plunkett,* for respondent.

STONE, J.

Action by lessee against lessor to recover damages for wrongful eviction. Defendant had a directed verdict, and plaintiff appeals from the order denying his motion for a new trial.

September 19, 1928, plaintiff was a tenant and in possession, under a written lease expiring March 1, 1929, of a farm owned by defendant. An oral agreement was then made by them for a lease of the same premises upon the same terms for another year, expiring March 1, 1930. The oral lease was not subject to sale. After it was made but before its term was to begin, defendant sold the

[1]Reported in 232 N. W. 919.

farm to one Berry, undertaking to give possession upon the expiration of plaintiff's first and written lease expiring March 1, 1929. As that date approached, she unequivocally demanded that he surrender possession, thereby in effect repudiating the oral lease. Her demand not being complied with, she commenced, March 3, 1929, an action of unlawful detainer. Plaintiff, as defendant in that action, did not interpose a defense but elected to consider plaintiff's action a constructive eviction and voluntarily surrendered possession. After the making of the oral lease and before defendant's repudiation of it, plaintiff did a substantial quantity of plowing, stumppulling and quack grass eradication which he now claims to have been such a part performance as to remove the agreement from the operation of the statute of frauds. (G. S. 1923 [2 Mason, 1927] § 8456.)

The doctrine of part performance, so called, is a creature of equity and resorted to only for the award of an equitable remedy. Part performance will not support an action at law for damages for breach of a contract within the statute of frauds. That is the general rule (White v. McKnight, 146 S. C. 59, 143 S. E. 552, annotated, 59 A. L. R. 1305) and was settled as the law of this state by Cram v. Thompson, 87 Minn. 172, 91 N. W. 483. The principle "is applicable only where the action is one in equity for specific performance." Theopold v. Curtsinger, 170 Minn. 105, 107, 212 N. W. 18, 19. In that connection it is not to be overlooked that part performance of a contract within the statute of frauds may make a cause of action in quasi contract. Todd v. Bettingen, 109 Minn. 493, 124 N. W. 443; Pressnell v. Lundin, 44 Minn. 551, 47 N. W. 161. Or, in the case of a vendor under such an agreement, his performance or willingness to perform may be a defense to such an action. McKinney v. Harvie, 38 Minn. 18, 35 N. W. 668, 8 A. S. R. 640. But this is the ordinary action for breach of contract, and his part performance does not help plaintiff. With his possible remedy against defendant in quasi contract for the betterment of her land or against a third party upon an alleged assumption of the obligation, we are not now concerned.

Order affirmed.