## KARL C. HAGEN v. J. T. BOWERS.[1]

No. 28,216.

December 19, 1930.

*J. M. Bishop* and *H. O. Berve,* for appellant.
*Perl W. Mabey* and *H. O. Chommie,* for respondent.

LORING, J.

Originally there were three causes of action stated in the complaint herein, but the first and third have been disposed of and they are not before this court. The second and remaining cause of action is against a landlord for damages for the eviction of his tenant. The plaintiff recovered a verdict. The defendant made a motion for judgment notwithstanding the verdict, which was denied. Judgment was entered and an appeal taken to this court.

The defendant leased to the plaintiff for a period of three years a farm which is designated in the record as the north farm. At the end of the first crop season it became apparent that the tenancy was unprofitable to the landlord, and he suggested to the plaintiff that in lieu of the north farm he take the farm designated in

[1] Reported in 233 N. W. 822.

the record as the south farm, which was a smaller adjoining place belonging to defendant. Accordingly an arrangement was made by which the tenant's interest in the personal property on the north farm was disposed of and his obligations assumed by a new tenant, the plaintiff moving over to the south farm under an oral agreement that he was to have it for the remaining two years of the lease on the same terms that he had had the north farm. It appears that after the plaintiff moved to the south farm he did some plowing and that he cared for and milked the defendant's cows. The cream checks were divided between the plaintiff and the defendant as had been done on the north farm. After the plaintiff had been on the south farm about three weeks, the defendant ordered him off and told him that if he did not get off he would get somebody to put him off. He also took away the cows which the plaintiff had been milking, cut the fence between the two farms, and drove the cattle to the north farm. Thereupon the plaintiff sought another place to live and later brought this action.

It is the contention of the defendant that inasmuch as the agreement under which plaintiff was occupying the south farm was oral and was to run for two years that it is void within the statute of frauds. It is the position of the plaintiff that although the contract was oral it was taken out of the statute of frauds by part performance and that the defendant is estopped by what he received under the new arrangement from setting up the statute of frauds. It is also the contention of the plaintiff that even though the oral lease for two years is void under the statute, the plaintiff, having taken possession of the south farm under the oral arrangement, became a tenant at will and that his tenancy could not be terminated without the statutory three months' notice. If the latter contention is true, this court need not pass upon the question of part performance and estoppel.

We are convinced that the record is broad enough to sustain the plaintiff's position and that he was at least a tenant at will, whose tenure could not be terminated without the statutory notice, and that the defendant is liable in some amount of damages for the

breach of his obligation as landlord. Goodwin v. Clover, 91 Minn. 438, 99 N. W. 322, 103 A. S. R. 517. The tenancy implied by law from the situation above set forth is not for so long a period as was the oral agreement which the plaintiff contends was made, but it is sufficient to make the eviction of the plaintiff without the statutory notice wrongful, and the record shows damage on account thereof.

There was no motion for new trial, and consequently we cannot review the amount of the jury's award or any other alleged error in the proceedings. We are confined solely to the question whether or not the record sustains an award of damages in any amount. It does.

The judgment appealed from is affirmed.

UPON APPLICATION FOR REARGUMENT.

On January 16, 1931, the following opinion was filed:

PER CURIAM.

The appellant contends that the theory on which the judgment is affirmed is a departure from the theory of the complaint. We do not so regard it. It is true that the plaintiff claimed a tenancy for two years but established a tenancy at will. The allegations of the complaint are broad enough to include the lesser tenancy.

The distinction between this case and Hewitt v. Parmenter, 181 Minn. 454, 232 N. W. 919, is clear. In that case the oral lease was repudiated before any tenancy came into existence under it. Here the tenancy at will was established.

We are asked to exercise the power of this court to order a new trial in the furtherance of justice although no motion for a new trial was made.

The circumstances under which the jury found the tenancy was terminated were not such as to appeal to the discretionary powers of a court of justice.

The petition for rehearing is denied.