JAMES VETHOURLKAS v. HARRY SCHLOFF.[1]

May 18, 1934.

No. 29,888.

*Francis M. Smith,* for appellant.
*Firestone & Shapiro,* for respondent.

*HOLT, Justice.*

Plaintiff appeals from the order denying a new trial.

The action was to recover damages for refusing to give possession of a store leased from defendant for a barber shop. The complaint alleges:

"That on and prior to the 15th day of August, 1931, defendant was the owner of certain store property in the city of Saint Paul,

[1]Reported in 254 N. W. 909.

574

Minnesota. That shortly before said 15th day of August, 1931, defendant rented said property to plaintiff as and for a barber shop. The term of said leasing was to commence on the 15th day of August, 1931, and was to be held from month to month in consideration of thirty-five ($35.00) dollars per month. That as was well known to defendant, plaintiff rented said premises for the purpose of moving a going barbering business thereto."

Then follow allegations that defendant wrongfully refused to give possession; that when the lease was made defendant well knew that plaintiff was required to vacate the premises theretofore occupied by him for his business on August 15, 1931; that he was unable to secure suitable quarters for his business until October 1, 1931; that his net profits of his business were five dollars a day, and judgment was prayed for $225.

The answer expressly admitted the allegations of the complaint above quoted and alleged that the parties mutually agreed to cancel and terminate the lease and that defendant returned to plaintiff the $35 he had deposited with defendant as rent. The other allegations of the complaint were denied. The reply denied the averments of the answer except as the same admits the allegations of the complaint. The trial was to the court. The findings were in favor of plaintiff as to damages and his inability to find a place suitable for his barber business until October 1, 1931. On the issue of cancelation the findings were equivocal; but the court did find that the lease was oral and made on July 27, 1931, for the term of one year to begin August 15, 1931, and hence it was void, being within the statute of frauds. Judgment was ordered for defendant.

Notwithstanding the express admission in the answer of the lease alleged in the complaint, the court required plaintiff, over his protest, to prove the leasing. This presents the first assignment of error. Explicitly the lease alleged in the complaint was admitted in the exact terms therein set forth. The lease so admitted was one from month to month and could not come within the statute of frauds. In that situation, we are of the opinion that it was error to require proof of the leasing and to find a lease of a different

character from the one expressly admitted. Had defendant denied the lease set forth in the complaint, it would have been necessary for plaintiff to prove the making of a lease, and then defendant could have taken advantage of the statute of frauds. Bean v. Lamprey, 82 Minn. 320, 323, 84 N. W. 1016, 1017.

"But, if the answer admit the alleged promise or agreement, the defendant waives the benefit of the statute, unless he pleads or claims the benefit of it in connection with the admission."

Here without amendment of the answer, which admitted a lease that could not possibly be affected by the statute of frauds, the court ignored the admission and proceeded to find the existence of a lease neither pleaded nor attempted to be proved by defendant. It cannot be doubted that if the oral lease, made July 27, 1931, was for a year, to begin August 15, 1931, it was void under the statute of frauds [2 Mason Minn. St. 1927, § 8456] and no action at law for its breach could be maintained. Hanson v. Marion, 128 Minn. 468, 151 N. W. 195. The payment of the rent could not be considered as a part performance so that an action for damages could be maintained for a breach of the lease. Bruder v. Wolpert, 178 Minn. 330, 227 N. W. 46; Hewitt v. Parmenter, 181 Minn. 454, 232 N. W. 919. On the other hand, as the pleadings stand here, the lease admitted was a lease from month to month, against which the statute of frauds could not be invoked.

While admitting the lease as set forth in the complaint, the answer alleged its cancelation by mutual agreement on or prior to August 15, 1931. The findings on this issue are of evidentiary matters and not of the ultimate fact of cancelation or rescission. So we do not feel that we are at liberty to interpret the findings on that issue as being unequivocally in favor of defendant.

The order is reversed with direction to grant a new trial.

*DEVANEY, Chief Justice,* took no part.