ALBERT PFUHL AND ANOTHER v. HELEN SABROWSKY.[1]

December 26, 1941.

No. 32,892.

---

*Harry E. Burns,* for appellants.
*Ahles & Ahles,* for respondent.

HOLT, JUSTICE.

Plaintiffs appeal from the order sustaining a general demurrer to the complaint.

The complaint alleged plaintiffs were husband and wife during the time involved in the pleading and residents up to 1935 of Waite Park, in Stearns county; that the husband was there in the employ of the Great Northern Railway Company and had been so employed for upward of 25 years at a specified price per hour and had acquired seniority preferences and rights to a pension; that the plaintiff husband was defendant's brother; that defendant was the owner of a 200-acre improved farm in Stearns county on March 2, 1935, and of livestock and machinery with which to operate the same, "together with a large amount of ready cash and first mortgages"; that the work and situation of plaintiffs were well known by defendant; that on the date mentioned defendant entered an oral agreement with plaintiffs that if they would give up their work and residence at Waite Park and move to defendant's farm, defendant would give them the farm, together with all of the personal property thereon at her death, she to live with them and furnish them "with all of their flour, all of their butter, all of their meat and all of their wood"; that in reliance on defendant's promise, plaintiffs gave up their work and residence at Waite Park and moved to defendant's farm on the date mentioned, and have since managed, controlled, and cared for the farm and property thereon; that in January 1940 defendant commenced an action against plaintiffs for judgment decreeing her to be the owner and entitled to the possession of the farm, and that defendants therein, plaintiffs herein, have no right, title, or interest thereto; that plaintiffs were willing to continue with the oral contract, but by said action defendant has declared the oral contract at an

end; that the reasonable value of the services for managing and taking care of said farm from March 2, 1935, to date was $10,000; that the damages naturally suffered in giving up all rights acquired by the long years of service for the Great Northern Railway Company was the sum of $5,000; wherefore plaintiffs ask judgment for $15,000 damages, with costs and disbursements.

The agreement set out in the complaint was invalid and unenforceable. Mason St. 1927, § 8459. An action for damages for the breach of such a contract does not lie. Cram v. Thompson, 87 Minn. 172, 91 N. W. 483. Within this rule clearly comes the item of $5,000 damages alleged because of the loss to plaintiff husband because of his abandonment of his position and rights with the railroad company.

But as to services rendered, the facts alleged have a different aspect. Where the purchase price has been paid, in whole or in part, on an oral contract to sell land, and the seller refuses or is unable to convey, an action lies for money had and received; or, where services have been rendered under a contract void under the statute of frauds and the employer refuses to abide by the oral agreement, recovery for the value may be had on the theory of quasi contract. Pressnell v. Lundin, 44 Minn. 551, 47 N. W. 161; Todd v. Bettingen, 98 Minn. 170, 107 N. W. 1049, 8 Ann. Cas. 960; Id. 109 Minn. 493, 124 N. W. 443; Hewitt v. Parmenter, 181 Minn. 454, 232 N. W. 919; Mehl v. Norton, 201 Minn. 203, 275 N. W. 843, 113 A. L. R. 1055. It appears from the complaint that defendant, the sister of plaintiff husband, owned this farm and lived thereon; that she wanted plaintiffs to live there with her; that plaintiffs were to operate the farm and care for the personal property thereon; that plaintiff was to furnish a home, certain food, and fuel. It is to be assumed that the produce or profits of the farm went to defendant. So she was benefited or enriched by plaintiffs' services in an amount of the reasonable value thereof, less the benefits that plaintiffs received in the way of the comforts of a home and sustenance. We think there are sufficient facts alleged to show that plaintiffs entered upon the performance

442

of this unenforceable contract and were willing to continue in its performance, but that defendant ousted them, refused to abide by the agreement, and hence in equity and good conscience there can be a recovery on the theory of enrichment or quasi contract for the value of the services rendered less the benefits received thereunder until defendant's breach.

There is no need at this time to discuss the questions that may arise on the trial, such as the admissibility of proof of the oral agreement to show that the relationship of the parties and living as members of one family was not such as to lead to the inference that plaintiffs' services were gratuitous. Oxborough v. St. Martin, 169 Minn. 72, 210 N. W. 854, 49 A. L. R. 1115.

The order is reversed.

MR. CHIEF JUSTICE GALLAGHER, being engaged on the pardon board, took no part in the consideration or decision of this case.

