[1] Reported in 20 N.W.2d 884.
This is an appeal by N.D. Anderson as administrator of the estate of Ernest N. Hallock from a judgment allowing the claim of Guy Hallock in the sum of $6,615. Another case involving a claim against the same estate was decided by the court on this same day. Nelson v. Anderson (No. 34,032), 221 Minn. 25,20 N.W.2d 881. Hallock's estate consisted principally of a house, furniture, and lot at 1610 East Superior street in Duluth, which property the record shows was of the value of $6,500, and a diamond ring of the value of $100.
Mrs. Hallock had owned the real estate in question since her divorce from her first husband some time prior to 1902. The title to the property remained in her name until December 12, 1935, at which time it was placed in the name of herself and husband as joint tenants by a conveyance through a third party.
When claimant, a son of Mrs. Hallock by the first marriage, discovered that title to the real estate had been placed in the name of his mother and stepfather as joint tenants, he commenced an action *Page 32 
to set aside the conveyance on the ground that his mother was not competent to make a deed. Subsequently, conversations ensued between him and the stepfather which resulted in an agreement whereby the latter agreed that upon his death claimant would receive his estate in consideration of the dismissal of the action. It was also agreed that claimant should be paid $15 per month during the life of his stepfather. Ernest Hallock died intestate, and, because of the breach of the agreement, claimant filed a claim in the probate court to recover damages for the value of the property in the sum of $6,600, and one payment of $15 which was in arrears under the agreement. The probate court allowed the claim in the sum of $3,750. An appeal was taken to the district court, which at first affirmed the order of the probate court, but later revoked the order and made findings of fact and conclusions of law increasing the amount of the claim to $6,615. Because of the illness of the Honorable Bert Fesler, who tried the case in the district court, a motion for amended findings or a new trial was heard before the Honorable Mark Nolan, a judge of the same judicial district, who denied the motion, whereupon judgment was entered.
Several assignments of error are raised on this appeal, but we find it necessary to consider only one of such claimed errors, because we have concluded that it disposes of the appeal. The administrator asserts that an action at law for damages based upon breach of an oral contract to convey real estate cannot be brought even though there is sufficient consideration for and part performance of the contract. We agree. Claimant's claim to the value of the estate herein in lieu of specific performance is one for the recovery of damages for breach of an oral agreement to convey real estate. Assuming that there was sufficient consideration for and part performance of the contract, claimant cannot recover in an action at law for damages. The doctrine of part performance is purely an equitable doctrine, unrecognized at law, and accordingly will not sustain an action at law for damages based on a contract within the statute of frauds. Cram v. Thompson,87 Minn. 172, 91 N.W. 483; In re Estate of Roberts, 202 Minn. 217, *Page 33 
277 N.W. 549; Pfuhl v. Sabrowsky, 211 Minn. 439, 1 N.W.2d 421. See, notes in 59 A.L.R. 1305; 69 A.L.R. 14.
In view of our conclusion as above stated, we find it unnecessary to consider the other questions raised by the administrator.
Reversed.
MR. JUSTICE MAGNEY took no part in the consideration or decision of this case.