## S. J. AHERN vs. E. R. BAKER.

### July 24, 1885.

**Principal and Agent—Employment of Several Agents to Sell Land —Revocation.—** A land-owner may employ several different agents to act for him in the sale of the same tract of land, and a sale by one will operate as a revocation of the authority of the others.

**Same—Sale after Revocation.—** A subsequent sale will be subject to the risk of such revocation, and no action for damages will lie in such case unless the nature of the contract of agency is such as to estop the principal.

Appeal by plaintiff from an order of the district court for Ramsey county, *Simons*, J., presiding, overruling a demurrer to the answer.

*Linden & Williams*, for appellant.

*Berryhill & Davison*, for respondent.

VANDERBURGH, J. The defendant, on the ninth day of September, 1884, specially authorized one Wheeler, as his agent, to sell the real

property in controversy, and to execute a contract for the sale of the same. He in like manner on the same day empowered one Fairchild to sell the same land, the authority of the agent in each instance being limited to the particular transaction named. On the same day, Wheeler effected a sale of the land, which was consummated by a conveyance. Subsequently, on the tenth day of September, Fairchild, as agent for defendant, and having no notice of the previous sale made by Wheeler, also contracted to sell the same land to this plaintiff, who, upon defendant's refusal to perform on his part, brings this action for damages for breach of the contract.

This is a case of special agency, and there is nothing in the case going to show that the plaintiff would be estopped from setting up a revocation of the agency prior to the sale by Fairchild. A revocation may be shown by the death of the principal, the destruction of the subject-matter, or the determination of his estate by a sale, as well as by express notice. The plaintiff had a right to employ several agents, and the act of one in making a sale would preclude the others without any notice, unless the nature of his contract with them required it. In dealing with the agent the plaintiff took the risk of the revocation of his agency. 1 Pars. Cont. 71.*

Order affirmed, and case remanded.