AMELIA KOCH ET AL. v. THE DELAWARE, LACKAWANNA AND WESTERN RAILROAD COMPANY.

1. The lands of the plaintiffs were protected from the tide by the structure constituting the roadway of the Boonton branch railroad. *Held*, that the partial removal of such structure, thereby letting in the tide on the plaintiffs' property, was not actionable, even though such act was done by a trespasser.

2. An act of the legislature forbidding the cutting through such roadbed is void; the legislature cannot circumscribe the right of the land-owner in the legal use of its own property.

On demurrer to declaration.

Argued at November Term, 1890, before BEASLEY, CHIEF JUSTICE, and Justices DIXON and MAGIE.

For the plaintiff, *McDermit & Maher*.

For the demurrants, *Bedle, Muirheid & McGee*.

The opinion of the court was delivered by

BEASLEY, CHIEF JUSTICE. The declaration complains of damages arising from the flooding of her lands by an act of the defendant alleged to be illegal.

The lands so injured are described as adjoining a certain stream of water called Ned's creek, which empties into a con-

tiguous creek known as Kingsland's creek, and that the premises in question were drained and kept dry, until the grievance complained of, by means of a sluice at the mouth of the last named stream.

These allegations do not appear to have any relation to the case, except to show, with unnecessary particularity, that antecedently to the tort complained of, the plaintiffs' premises had not been subject to any watery influx. No complaint is made of any interference with the sluice or creeks thus in a measure described.

The declaration then proceeds to the *gravamen* of the supposed cause of action. Briefly it is thus stated : That by a certain act of the legislature, the same being a supplement to "An act to incorporate the Kingsland and Saw Mill Company," a certain tract of land is described, the northerly side of which abuts upon the line of the Boonton branch of the Morris and Essex Railroad Company, and that the plaintiffs' premises are a part of the tract so set forth. Then follows an averment that by another provision of the statute referred to it is enacted, " that it shall not be lawful to make any opening through the causeway or roadbed of the Boonton branch of the Morris and Essex Railroad Company, whereby any overflow or tide water from the meadows lying beyond the same shall be discharged upon " the tract of land just mentioned.

The tort laid to the defendant is, that it " unlawfully made an opening through the causeway or roadbed of the Boonton branch, and thereby caused the plaintiffs' lands to be overflowed by the tide water.

These statements can have but a single meaning. They denote that the plaintiffs' lands are protected from the incoming of tide water by the artificial structure described as the causeway of the railroad, and the wrong done is, that the defendant has, in part, removed that dam.

It is, consequently, plain, that the plaintiffs, in order to show a suable wrong, must make it evident that they have a legal right to insist on the maintenance of the railroad structure in question. It is not sufficient for them to show that

they will sustain a detriment by its removal; the ground of their action is, and must be, a deprivation of a right that the law secures to them; and, therefore, if they cannot require the keeping up of this embankment, they cannot complain, in a court of law, of its destruction or its impairment, whether such act be done by its owner or by a stranger as an act of trespass.

And this seems to be the theory upon which the present pleading has been composed. The plaintiffs' legal right to the unimpaired existence of this defensive roadway, so beneficial to their property, is described in the declaration as emanating from the legislative prohibition against any persons making an opening in it. As the language of the act is plain to that effect, there can be no doubt of the validity of this reliance of the plaintiffs, if the act itself be sustainable.

And this seems to me to be the flaw in the plaintiffs' case; the statute appears to be destitute of all semblance of legality. It is a private act, and it is not shown that it has even been accepted by the corporate body for whose benefit it was designed. It arbitrarily forbids the Boonton branch railroad to make use of its roadway in a particular manner—that is, to remove it at its pleasure, in whole or in part. This is not within the competency of legislation. It is not perceived how the lawmaker can direct this corporate body to forever refrain from removing a roadbed constructed by it on its own property. The legislature, by its edict, cannot burthen the land of the railroad for the benefit of other property.

Inasmuch, therefore, as this statute cannot be sustained, the plaintiffs' supposed cause of action has no basis.

The defendant is entitled to judgment on the demurrer.