WHITE & HOSKINS, Appellees, v. J. I. BENTON, Appellant.

**Sale of Land on Commission: SALE BY OWNER: TERMINATION OF AGENCY: NOTICE.** Where land is listed with an agent for sale on commission, with a reserved right in the owner to sell the same a sale by the owner terminates the agency

without notice to the agent, and although he afterwards finds a purchaser he is not entitled to a commission.

Sale of Land: AGREEMENT TO PAY COMMISSIONS: EXCLUSIVE AGENCY.
2   Where a real estate agent has a continuing agency with other brokers for the sale of land,·subject to the right of the owner to make a sale and the owner offers to take a reduced price and pay the commission if a purchaser is found within a specified time, to which the agent replies that he will find a purchaser at that price within the time, the same does not amount to an express agreement creating an exclusive agency for the time specified and to pay a commission, nor does it suspend the owner's right to sell.

*Appeal from Calhoun District Court.*—HON. S. M. EL-
WOOD, Judge.

FRIDAY, OCTRBER 16, 1903.

ACTION by plaintiffs, who are real estate brokers, to recover a commission on real estate.   Trial to the court, and judgment for plaintiffs.   Defendant appeals.—
*Reversed.*

*F. F. Hunter* and *J. F. Lavender* for appellant.

*M. W. Frick* and *W. E. Gray* for appellee.

BISHOP, C. J.—The facts are not in dispute.   Defendant was the owner of a tract of land in Calhoun county, and had listed the same with plaintiffs for sale, the price being fixed at $65 per acre, and the agents' commission agreed upon being $1 per acre.   He had listed the same property with several other real estate agents or brokers at the same price, and of this the plainiffs had full knowledge.   Defendant also reserved the right to himself to make a sale if he found an opportunity or saw fit to do so. Matters stood in this condition until September 25, 1901, when defendant notified plaintiffs that, if a purchaser was found by the following Monday, September 30th, he

would take the sum of $6,250 for the land.   It is made to appear that plaintiffs informed the defendant that at the price named they would find him a purchaser for the land before night of the following day, to which defendant at the time responded, "If you do, your commission is ready."   That evening, before going to his home, three or four miles in the country, defendant by himself made a sale of the land.   He at once went to the office of plaintiffs to advise them of the fact, but did not find them in, and went home.   The next morning plaintiffs found a purchaser for the land, who was able and willing to take the same at the price named, and one of the plaintiffs drove out to the residence of defendant shortly before noon, and reported that such purchaser had been found. He was then advised by defendant of the sale of the evening previous.

One contention made by plaintiffs in the court below, and such is now made by their counsel in this court, is that, having found a purchaser for the land before notice of the sale by defendant, they are entitled to recover the commission agreed upon.   And it is said that under the ordinary contract of agency with a real estate broker notice to the broker is necessary to revoke such agency; that there is no implied contract that a sale by the principal shall, without notice to the broker, operate as a revocation of the agency.   We are not prepared to admit the soundness of the doctrine thus contended for.   Certainly the great weight of authority is against it, and we think it has no support in reason.   It would not be possible, within the limits of this opinion, to take up and discuss the many authorities cited and relied upon by counsel for appellees.   It will be sufficient to make clear our views to call attention to a few of the authorities which we regard as controlling upon the subject.   See Story on Agency, section 481; Mechem on Agency, section 220; *Ahern v. Baker*, 34

1. SALE by owner: termination of agency: notice.

Minn. 98 (24 N. W. Rep. 341;) *Goldsmith v. Cook*, Com. Pl.
14 N. Y. Supp. 878; *Gilbert v. Holmes*, 64 Ill. 548.  We
quote from Story as follows:  "A revocation by operation
of law may be by a change of condition or of state pro-
ducing an incapacity of either party.   This proceeds upon
the general rule of law that the derivative authority ex-
pires with the original authority from which it proceeds.
The power of continuing an agency is founded upon the
right of the principal to do the business himself; and
when that right ceases the right to create an appointment
or continuing the appointment of an agent already made
for the same purpose must cease also.   In short, the de-
rivative authority cannot generally mount higher or exist
longer than the original authority."   In *Ahern v. Baker*,
which, like the one before us, was an action to recover
real estate commissions, it is said:  "A revocation may
be shown by the death of the principal, the destruction of
the subject-matter, or the determination of the estate by
a sale, as well as by express notice.   The plaintiff had the
right to employ several agents, and the act of one in mak-
ing a sale would preclude the other without any notice,
unless the nature of his contract with them required it.
In dealing with the agent the plaintiff took the risk of the
revocation of his agency."   In that case the sale was
made by another agent.   With the statement of the rule
thus made we are satisfied.   And it seems to us that
plaintiffs are in no position to complain because of an
enforcement of such rule as against them.   Moreover, as
we understand it, such a result was directly contemplated
by their contract.   They listed the lands upon their books,
and went about finding a purchaser therefor, with a full
understanding that they were to have nothing unless they
found an acceptable customer.   They also knew full well
that other agents had the property listed, and were seek-
ing a customer therefor, and that defendant himself
retained the right to find and deal with a customer should

he be able to do so. Now, clearly, they took the chances of being able to present themselves with a customer ahead of the other agents, and before defendant himself found one, and thus earn the promised commission. Turning the proposition about, they took the chances of a sale being made to a customer brought forward by some other agent, or to one of the defendant's own finding. Defendant occupied the position, and no other, of saying to the several agents with whom he had listed his land that, if any one of them should bring to him a customer for his land before he should sell it himself, he would pay a commission; otherwise none would be paid. This is the sum and substance of the contract under which plaintiffs went to work, as shown by the record made upon the trial. Now, it is possible that, where agents are employed, as were these plaintiffs, to sell lands, and a sale takes place, of which they are not at the time notified, they may recover the value of labor performed, or the amount of expense incurred, between the time when the sale took place and the time when notice thereof was given to them. Such, however, is not the case before us, and we do not, therefore, determine the question.

But counsel for appellees make the further contention that what transpired between the parties on September 25th amounted to an express promise and undertaking 2. AGREEMENT on the part of defendant to pay plaintiffs a to pay commissions: commission if they found a purchaser on the exclusive agency. day following, regardless of whether a sale was in the meantime made by defendant or by any other agent. With this contention we are also unable to agree. There was no new or further contract. Defendant announced a reduction in price. Plaintiffs declared that they could find a customer at the reduced price within a day's time. Defendant said that if they did their money was ready for them. Surely, counsel do not seriously contend that here was any new contract, or even any modification

of the old contract.   Plaintiffs could only earn a commission by finding a customer, and they would be entitled to their commission whether they found one within a day's time or a month's time, the agency not having been sooner revoked.   The defendant would have been bound to pay the stipulated commission whether the customer was found within the next day or within the next month, the contract continuing in force.   The only modification was that within the time limit fixed a sale might be made at the reduced price named.   Nor is there anything in what was said or done to indicate that it was intended to give to plaintiffs an exclusive agency, so that it is not necessary for us to consider whether an exclusive agency would result in a liability on the part of defendant, in any event, should a customer be found by plaintiffs within the time mentioned by them.

  We conclude that the trial court erred in giving judgment to plaintiffs, and such judgment is reversed, and the cause remanded for further proceedings according to law. —REVERSED.