JOSEPH TUFFREE, Appellee, v. E. F. BINFORD, Appellant.

**Brokers:** COMMISSIONS: ELECTION OF REMEDIES. A broker suing for commission may ask in separate counts, a reasonable compensation for producing a purchaser at defendant's request; for an agreed compensation — defendant having refused to complete the sale; and he may ask reasonable compensation for finding a purchaser who was able, ready and willing to buy on the terms and price stated, and he can not be required to elect on which ground of the petition he will rely.

**Evidence.** Evidence of a sale of a part of the commission property, as tending to show the conduct of the parties, also statements by defendant as to when he thought the sale complete, as showing his conduct with reference to his different contract obligations, was admissible.

**Commission contract:** PRIOR SALE: INSTRUCTION: EVIDENCE. Where an agency contract for the sale of land as determined by the jury, was, that if defendant himself or through another agent sold the land he was to give plaintiff immediate notice, the sale contemplated is held, in the light of admitted facts, to have been either an actual sale, a binding agreement to sell, or the finding of a purchaser by another agent ready, able, and willing to buy, of which fact defendant had notice. Evidence held to justify an instruction that a sale by another agent was made and accepted prior to that made by plaintiff.

**Notice to agent of prior sale.** Immediate notice required by a commission contract to be given an agent if the property was sold by another, is held to be a notice within a reasonable time under all the circumstances and situation of the parties.

**Measure of damages:** BREACH OF COMMISSION CONTRACT. The measure of damages for the breach of a contract to pay a real es-

tate agent a stated commission for producing a purchaser, is the sum agreed upon at the making of the contract.

*Appeal from Marshall District Court.*— HON. GEORGE W. BURNHAM, Judge.

FRIDAY, MAY 11, 1906.

ACTION at law to recover a commission for the sale of real estate. Trial to a jury, verdict and judgment for plaintiff, and defendant appeals.— *Affirmed.*

*Binford, Snelling & Farber,* for appellant.

*Boardman, Aldrich & Lawrence,* for appellee.

DEEMER, J.— Plaintiff's petition is in three counts. In the first he asked reasonable compensation for finding a purchaser for defendant's property, at his (defendant's) instance and request. In the second he asked judgment for an agreed compensation of two hundred dollars for finding a purchaser for the property — defendant having refused to complete the sale, because of his sale to another — and for failure to give plaintiff notice of the prior sale as he (defendant) had agreed to do. And in the third he asked compensation for services in finding a purchaser who was ready, willing, and able to take the property at the price and upon the terms named by defendant. Defendant denied practically all the allegations of plaintiff's petition, although in one division of his answer he admitted that he placed the real estate in plaintiff's hands for sale, reserving the right to sell the same himself, or through other agents; and averred that he sold the property to one Shorthill, before plaintiff found a purchaser, thereby terminating plaintiff's agency. He further averred that he agreed to give the first agent who sold the property two hundred dollars, and that he notified plaintiff of this fact; that thereafter another agent sold the prop-

erty before plaintiff found a buyer; and that plaintiff is not entitled to any compensation for his services.

The two main questions of fact in the case are these: First. Did the defendant, when he placed the property in plaintiff's hands for sale, agree to notify him (plaintiff) immediately, in case he or some other agent sold the property, or in case he withdrew the same from the market? This is affirmed by plaintiff and denied by defendant. Second. If there was such an agreement, did defendant do as he agreed in notifying plaintiff of the sale to Shorthill? These two questions of fact were submitted to the jury, and the finding was in plaintiff's favor. There was evidence in support of the first proposition, and little complaint is made of the finding thereon on this appeal. The contention in this respect is that the trial court adopted an erroneous rule for the admeasurement of damages. For appellant it is contended that plaintiff is not entitled to recover at all, unless he shows that defendant was obligated to give him (plaintiff) notice of the sale of the property either by himself or through another agent; and doubtless this is the law. *White v. Benton,* 121 Iowa, 358. But the jury, having found that defendant agreed to give plaintiff notice of such sale, the next question is when did defendant make the sale to Shorthill, and when did he notify plaintiff thereof. As to these propositions there is a dispute. Defendant says he sold the property to Shorthill on January 10th, and that he almost immediately gave plaintiff notice of the sale; while plaintiff contends that the sale was made January 9th, and that he was not notified thereof until the 10th, and after he (plaintiff) had found a purchaser for the property. Assuming that plaintiff's contention in this respect is correct, the next question is the measure of his recovery. The trial court instructed that it was the agreed compensation, $200, with interest, while defendant contends that recovery should have been limited to the actual damages sustained by plaintiff.

There are some incidental questions to be disposed of before we go to the main features of the case. Defendant filed a motion to require plaintiff to elect upon which count of his petition he would rely. This was overruled, and of this complaint is made. There was no error in the ruling; but, if there had been, it was without prejudice, for the court submitted the case on but a single theory, and upon this each party was permitted to introduce all the testimony he had.

1. BROKERS:
commissions:
election of
remedies.

Evidence with reference to the sale of a residence, which was part of the property placed in plaintiff's hands, was properly admitted, as showing the conduct of the parties under the arrangement and agreement between them. Testimony as to a statement made by defendant as to when he thought the sale of his property was complete was admissible, not, perhaps, as establishing the fact of sale, but for the purpose of showing his conduct with reference to the different contract obligations he was under, or thought himself bound by.

2. EVIDENCE.

A witness was asked as to the legal effect of the act of Shorthill in signing the acceptance of a proposition from defendant. This was clearly erroneous, and unless without prejudice should reverse the case. As to this, more hereafter. The trial court instructed that the sale to Shorthill was on January 9th, and this was the time referred to by the witness just mentioned. It is conceded that the time when the sale was in fact made to Shorthill was a question of law for the court. One Doolittle was also defendant's agent for the sale of the property. On the evening of January 9th, defendant, through the agency of Doolittle, signed a written agreement for the sale of the property to Shorthill for the sum of $7,750; $1,000 to be paid in cash on delivery of the agreement, and the balance on delivery of the deed with abstract showing good title. Shorthill almost immediately accepted this proposition in writing, and notice was imme-

3. COMMISSION
CONTRACT:
prior sale:
instruction:
evidence.

diately given to defendant of the sale; but by agreement the payment of the $1,000 was deferred until the next morning. At about nine ò'clock the next day plaintiff sold the property to one Meeker, receiving part payment therefor. Shorthill met defendant at the appointed hour, and, just as the deal was being completed, plaintiff appeared with his purchaser, and was then for the first time informed of the sale to Shorthill.

The jury found that the agreement between plaintiff and defendant was that, if defendant by himself, or through any of his agents, sold the property, he (defendant) was to give plaintiff immediate notice of that fact. Taken in connection with the admitted facts, this should be construed to mean an actual sale, a binding agreement on the part of defendant to sell, or the finding of a purchaser by another agent than plaintiff, ready, willing, and able to buy, of which fact defendant had notice. This was evidently what the parties contemplated by their agreement, and not the actual transfer of the title to the property. The contract in suit is an agency contract, and was made for the protection of both parties. Thereunder defendant might sell the property himself or through other agents, without liability to plaintiff, provided he gave plaintiff immediate notice of such sale, and plaintiff had, as a stimulus to the making of a sale or the finding of a purchaser, which was the same thing, so far as this contract is concerned, any time before notice to him by defendant of a sale to another. According to defendant's own testimony he was to pay a commission of $200 to the first agent reporting a sale. Doolittle reported the Shorthill sale on January 9th, and was then entitled to his commission, and, in contemplation of the parties, it was such a sale or arrangement as this which the parties had in mind in making the agency contract in suit. The instruction given by the trial court to the effect that the sale to Shorthill was on January 9th was manifestly correct. Moreover, defendant in his testimony expressly stated that Doolittle found a

purchaser and sold the property, before plaintiff made his sale to Meeker. If this be true, then the sale must have been made January. 9th, and the instruction was correct on defendant's own theory. This also disposes of the erroneous ruling on the admission of testimony heretofore noted. The legal conclusion of the witness was without prejudice.

II. The trial court instructed that the term immediate notice meant notice within a reasonable time, taking into consideration the situation of the parties, the *4. NOTICE TO AGENT OF PRIOR SALE.* nature of the business, and all the surrounding circumstances, and left it to the jury to say whether or not such a notice was given. This instruction was clearly correct.

III. It is contended for appellant that the instruction as to the measure of recovery was incorrect and erroneous, and that plaintiff should have been limited to the damages *5. MEASURE OF DAMAGES: breach of commission contract.* sustained by reason of defendant's failure to notify him of the previous sale. Manifestly these were not the damages contemplated by the parties at the time the contract was entered into. For breach of the contract to notify, plaintiff was to have something more than compensation for time expended after the prior sale and before notice. The parties evidently contemplated full compensation in the event plaintiff found a purchaser able, ready, and willing to buy before notice of sale to another. Of course, if he had not found a purchaser before notice, a different question would arise; but with such a situation we have nothing to do. The compensation agreed upon for doing the work which plaintiff did was $200, and this was the true measure of recovery. *Ford v. Easley,* 88 Iowa, 603; *Boland v. Kistle,* 92 Iowa, 369; *Iselin v. Griffith,* 62 Iowa, 668. Having agreed upon the value of the services, the parties are bound thereby, no matter what their actual value. This conclusion also disposes of an alleged error of the trial court in denying to defendant the right to show by testimony the value of the services rendered by plaintiff

on January 10th, after the sale to Shorthill, and before plaintiff was notified thereof.

*White & Hoskins v. Benton,* 121 Iowa, 354, so strongly relied upon by appellant, is not in point upon any of the propositions involved in this appeal.

We might not have arrived at the same conclusion on the whole case as the trial jury, but that is no reason for reversing it. The fact questions were for that body, and, upon conflicting evidence, we are not justified in interfering with its conclusions.

The case has been tried twice at least; and, as the record discloses no prejudicial error, the judgment must be, and it is, *affirmed.*