## CONFER BROS. INC. v. J. B. GLEASON.[1]

March 24, 1921.

No. 22,108.

**Promise made without consideration—findings sustained.**

Under the findings of the court, which are sustained by the evidence there was no consideration for the defendant's promise to divide a real estate commission with the plaintiff.

Action in the municipal court of Minneapolis to recover $220, as one-half part of a broker's commission. The answer alleged that there was no consideration for the written agreement and that it was procured by

[1]Reported in 181 N. W. 917.

fraud. The case was tried before Baldwin, J., who made findings and ordered judgment in favor of defendant. From an order denying its motion to set aside the findings and conclusions and for a new trial, plaintiff appealed. Affirmed.

*Eugene S. Bibb,* for appellant.

*Benjamin Davenport,* for respondent.

PER CURIAM.

This is an action to recover on a promise by the defendant to divide with the plaintiff a broker's commission on the sale of real estate. The court held that there was no consideration for the promise and found for the defendant. The plaintiff appeals from the order denying its motion for a new trial.

The evidence justified the court in finding that the defendant, acting for Charles L. and George L. Horn, secured a purchaser for a tract of land in Minneapolis on July 29, 1919, and that on July 30 the Horns ratified an earnest money contract fixing the terms. The defendant had then earned his commission. On July 29 the Horns gave the plaintiff an exclusive ageny to sell the same tract. On July 31 the plaintiff came to the defendant insisting that it had an exclusive agency from the Horns, made some threats about breaking his deal, and he, protesting that he was not liable, agreed in writing to pay the plaintiff $220 when the deal was closed. The court held that this promise was without consideration. Under the finding of the court we are unable to find anything in the way of benefit or detriment upon which to base a claim of consideration. The views stated are those of the majority.

Order affirmed.

Holt, J., took no part in the decision.