## THEODORE WETMORE v. J. B. HUDSON.[1]

### June 24, 1921.

### No. 22,308.

**Broker — verdict for defendant sustained.**

1. Action by a real estate broker to recover compensation for procuring a purchaser for real estate. *Held*, that the evidence justified a verdict in favor of the defendant.

**Telephone conversation admissible in evidence.**

2. A conversation over a telephone is admissible in evidence, since, when one person in the usual manner calls another by phone, and the person who answers assumes to act, the rebuttable presumption arises that he was the person called whom he assumes to be.

**Charge to jury.**

3. The charge of the trial court considered and *held*, that it was not argumentative as contended for by appellant, but it submitted the issues clearly and fairly to the jury.

**Revocation of authority — question for jury.**

4. Whether appellant's authority was revoked by a sale made through another broker before appellant produced a purchaser, was properly submitted to the jury.

[1]Reported in 183 N. W. 672.

Action in the district court for Hennepin county to recover $1,500 as commission on sale of real estate. The case was tried before Fish, J., and a jury which returned a verdict in favor of defendant. From an order denying his motion for a new trial, plaintiff appealed. Affirmed.

*John F. Bernhagen,* for appellant.

*Cobb, Wheelwright & Benson* and *R. A. Scallen,* for respondent.

QUINN, J.

The parties to this action entered into an oral agreement in the summer of 1919, whereby plaintiff was to find and produce a buyer for the lot described in the complaint, which defendant owned, at the price of $66,000, payable as follows: At least $15,000 at the time of sale, and the balance in instalments of $5,000 per year with interest at the rate of 6 per cent per annum. For his services therefor defendant was to pay him the sum of $1,500.

It is conceded that such a contract was entered into between the parties, but they differ materially as to some of the conditions thereof. It is the claim of plaintiff that he was given the exclusive right to procure a purchaser for the lot, and that the time therefor was unlimited. The defendant insists that plaintiff was not given the exclusive sale of the lot, and that it was agreed and understood between them that plaintiff was to produce such purchaser within one week; that he failed to do so, and that the lot was thereafter sold through another agent before plaintiff had produced any purchaser therefor. The cause was tried to a jury and a verdict returned in favor of defendant. From an order denying his motion for a new trial, plaintiff appealed.

The chief contentions on behalf of appellant are: First, that the verdict is not justified by the evidence and is contrary to law; second, that it was error to admit the testimony of the witness Mary Mondell as to a conversation over the telephone relative to the matters in issue upon the ground that no sufficient foundation was laid; third, that the charge of the court was argumentative and that it submitted the issues to the jury in a manner prejudicial to the rights of the plaintiff, and

fourth, that it was error to submit to the jury whether plaintiff's authority was revoked by a sale of the property by another broker.

A reading of the record discloses a sharp conflict in the testimony upon the issues in dispute. The plaintiff offered testimony tending to show that he was given the exclusive sale of the lot, and that he was to be paid $1,500 when he sold it or produced a purchaser ready and willing to buy the same upon the terms stated, and that he did so furnish and produce such a purchaser in the person of Fred B. Whitcomb on August 20 or 23, 1919. Had the jury adopted the foregoing as the true theory of the controversy, plaintiff would certainly have been entitled to recover. But the defendant offered testimony tending to show that, under the agreement, plaintiff did not have the exclusive sale of the lot, and that, to entitle him to his commission, he was required to produce a purchaser within a week from the date of their agreement, that he failed so to do and that, in the meantime, the lot was sold to Whitcomb through a different agency, before plaintiff had informed defendant that Whitcomb was his prospective customer. The issues thus presented were fully, correctly and we think fairly, submitted to the jury by the learned trial judge, and by its verdict determined in favor of defendant. There was ample evidence to sustain the verdict.

Upon the trial appellant testified that, at different times prior to August 23, he talked over the telephone with a young woman in defendant's employ relative to the sale of the property. The witness Mary Mondell was called by defendant and interrogated as to conversations with plaintiff over the telephone concerning the transaction, which was objected to on the ground that no foundation had been laid therefor. She testified that she had been in defendant's employ about four years, during which time she assisted him by taking messages over the telephone; that she remembered having several conversations over the telephone relative to the transaction under consideration; that she did not know plaintiff's voice; that defendant stood or sat by her side during these conversations and dictated what she should say. In response to a question by counsel for plaintiff the witness testified: "Q. You don't know Mr. Wetmore's voice, do you? A. Why, the same voice several times. I never met Mr. Wetmore before, only he would say, 'It is Mr. Wetmore speaking.' Q. You had never talked to him before that over

the telephone? A. No." Under these circumstances we think the foundation was sufficient to justify the admission of the testimony. A conversation over a telephone is admissible in evidence, since, when one person in the usual manner calls another by phone and the person who answers assumes to act, the rebuttable presumption arises that he was the person called whom he assumes to be. Thiesen v, Detroit Taxicab & Transfer Co. 200 Mich. 136, 166 N. W. 901, L.R.A. 1918D, 715; Barrett v. Magner, 105 Minn. 118, 117 N. W. 245, 127 Am. St. 531.

We discover no error in the submission of the proposition whether appellant's authority was revoked by a sale through a different agent before he produced a purchaser. Unless the appellant had the exclusive sale of the property, a sale thereof by the defendant through a different agent would terminate appellant's authority. An owner has a right to place his property for sale with more than one broker, and, where a broker undertakes to sell property under such circumstances, he takes his chances of producing a purchaser in advance of his competitor. And if he fails in his effort it is a loss incident to the business and he would not be entitled to recover a commission. Ahern v. Baker, 34 Minn. 98, 24 N. W. 341; White & Hoskins v. Benton, 121 Iowa, 354, 96 N. W. 876. We find no error in the manner of the submission of this issue under the pleadings and proofs.

Affirmed.