### Joshua Hunt, Appellee, v. Frank Judd, Appellant.

1. BROKERS—*exclusiveness of agency in absence of agreement therefor.* A contract to employ a broker to sell real estate does not give the broker an exclusive agency nor the exclusive right to negotiate a sale unless it is so provided in the contract, either expressly or by implication.

2. BROKERS—*right of owner to employ other brokers.* Where a broker employed to sell real estate was not given an exclusive right to sell, the owner had a right to employ other brokers and the broker took his contract subject to such right.

3. BROKERS—*construction of contract of employment.* If a contract of employment of a real estate agent is not plain and unambiguous, it must be construed in the light of all the circumstances surrounding the parties when it was made, and their situation with reference to each other and the object sought to be obtained are to be considered in arriving at the intention of the parties.

4. BROKERS—*purpose and fulfillment of contract of employment.* The primary object in the employment of agents to sell real estate is the production of a single purchaser and that object is attained

when one of several agents produces to the owner a purchaser who is ready, able and willing to purchase the property upon the owner's terms.

5. BROKERS—*duration of employment.* Where a contract of employment of a real estate agent is silent as to its duration, the presumption is that it is to continue for a reasonable time or until it is terminated by the parties, by operation of law, or by the consummation of the object sought in making the contract.

6. BROKERS—*right to compensation where owner refuses to sell.* Where a real estate agent is employed to find a purchaser for property and finds such a purchaser before the termination of his agency, he is entitled to his commission though the owner refuses to complete the contract of sale.

7. BROKERS—*right to compensation for sale made after agency terminated.* If a prospective purchaser is not produced by a real estate agent until his agency has been terminated, he is not entitled to a commission unless his contract of employment specifically provides for payment in such event.

8. BROKERS—*termination of agency by sale by another.* Where several real estate brokers are employed to sell property, the authority of each being limited to the particular transaction, the sale of the property by one of the brokers terminates the authority of the others at once although they have no actual notice of the sale.

Appeal from the Circuit Court of Sangamon county; the Hon. E. S. SMITH, Judge, presiding. Heard in this court at the April term, 1921. Reversed and remanded. Opinion filed April 22, 1922.

BARBER & BARBER, for appellant.

JOHN G. FRIEDMEYER, for appellee.

MR. JUSTICE HEARD delivered the opinion of the court.

Appellee brought suit against appellant in the circuit court of Sangamon county to recover commissions claimed to be due him as a real estate agent. The trial resulted in a judgment for $708 and costs in favor of appellee against appellant, from which judgment this appeal has been taken.

Appellee is a real estate broker and appellant was the owner of a farm near Springfield. In August, 1918, appellant employed appellee to find a purchaser

for appellant's farm, but no sale was consummated during the year. In July, 1919, the parties had a conversation in which appellant requested appellee to find a purchaser for his farm. About July 18, 1919, appellee produced to appellant a purchaser who was able, ready and willing to purchase the farm upon the terms upon which appellant had authorized appellee to sell the farm. Appellant declined to enter into contract of sale with appellee's proposed purchaser, giving as his reason that he had already agreed to sell the farm to a purchaser produced by another broker.

The evidence shows that appellant, prior to that time, had authorized two other brokers to sell the farm for him and the evidence tends to show that prior to the production of appellee's prospective buyer to appellant, these other agents had produced to appellant a purchaser who was ready, able and willing to buy the farm; that this purchaser and appellant had agreed upon the terms of sale; that appellant had agreed to make the sale and the purchaser had agreed to purchase the farm and that the farm was in fact sold to such purchaser within a day or two thereafter, in accordance with such agreement.

Appellee demanded commission, which being refused he brought this suit.

Appellant contends that appellee was not given an exclusive agency or the exclusive right to sell the farm and that therefore appellant had the right to employ as many brokers to sell the farm as he saw fit and that in such case he was only liable for a commission to the broker who first produced a purchaser who was ready, able and willing to purchase upon the terms of the owner.

A contract of employment does not give the broker an exclusive agency or the exclusive right to negotiate a sale, unless it is so specified in the contract of employment either expressly or by implication. 9 Cyc. 623. Appellee was not given an exclusive agency or an

exclusive right to sell and appellant had therefore a right to employ other brokers and appellee took his contract of employment subject to such right.

In construing a contract of employment of a real estate agent, as in the construction of other contracts, the first consideration is to ascertain and give effect, if possible, to the intention of the parties. Where the language of the contract is plain and unambiguous in its terms, it must be construed according to such terms. When, however, the contract is not plain and unambiguous as to all its terms, it must be construed in the light of all the circumstances surrounding the parties at the time of making the contract, and their situation with reference to each other and the object sought to be attained in making the contract are to be considered in arriving at the intention of the parties.

The primary object to be attained in the employment of agents to sell real estate is the production of a single purchaser for such real estate, and that object is attained when one of several agents produces to the owner a purchaser who is ready, able and willing to purchase the real estate upon the owner's terms.

In the present case, the contract of employment was silent as to its duration and the presumption therefore is that it was to continue for a reasonable time or until it was terminated by the parties, by operation of law, or by the consummation of the object sought in making the contract.

It is contended by appellee that a real estate agent, who had found a person ready, willing and able to buy the property of the owner at the price which he has agreed to accept, is entitled to his commission, notwithstanding no written contract was entered into between the owner and such proposed purchaser, where the offered purchaser was desirous of taking the land and the failure to sell was because the owner would not complete the contract. This is undoubtedly the law where such prospective purchaser is produced by the

agent prior to the termination of his agency. *Fox v. Ryan*, 240 Ill. 391; *Carr v. Butterworth*, 219 Ill. App. 14. Where, however, the prospective purchaser is not produced until after the lawful termination of his agency, the agent is not entitled to a commission unless his contract of employment specifically provided for the payment of a commission in such event. In Mechem on Agency (2nd Ed., 1914), sec. 2456, page 2055, the rule is stated: "Unless he has expressly agreed to give one broker the exclusive authority to sell, the principal may employ several brokers to sell the same property.

"Where several are so employed, the authority of each being limited to the particular transaction, the sale of the property, either by the principal in person or by any one of the brokers, operates at once, it is held, to terminate the authority of all the brokers, although they had no actual notice of the sale."

In *White v. Benton*, 121 Iowa 354, 96 N. W. 876, it is said: "One contention made by plaintiffs in the court below, and such is now made by their counsel in this court, is that, having found a purchaser for the land before notice of the sale by defendant, they are entitled to recover the commission agreed upon. And it is said that under the ordinary contract of agency with a real estate broker notice to the broker is necessary to revoke such agency; that there is no implied contract that a sale * * * without notice to the broker, operate as a revocation of the agency. We are not prepared to admit the soundness of the doctrine thus contended for. Certainly the great weight of authority is against it and we think it has no support in reason."

The rules herein laid down were entirely ignored by the court in the giving and refusing of instructions and the judgment is therefore reversed and the cause remanded.

*Reversed and remanded.*