# WILLIAM WEISMAN REALTY COMPANY v. ISADOR COHEN, AND OTHERS.[1]

## November 16, 1923.

## No. 23,607.

**Indorsement on lease within statute of frauds.**

1. Where a lessor indorses and signs on an existing lease this language: "The lessee is hereby given the option of renewing this lease for a period of five years from the expiration thereof at rate of two hundred fifty dollars ($250.00) per month for a period of five years upon giving six months' notice before expiration of his intention so to do," it is within the statute of frauds, because: *First*, it does not express the consideration; and, *secondly*, because it contemplates the making of a lease for a longer period than one year.

**Absence of consideration.**

2. The consideration of the original lease will not answer as a consideration for this indorsement made five years later.

**No evidence of consideration.**

3. Upon the record there was, in fact, no consideration for the arrangement evidenced by the indorsement.

**Consideration essential.**

4. A consideration is an essential element of a contract.

**Indorsement was a mere offer.**

5. The above indorsement was a mere offer, and without vitality until accepted.

**Offer not binding until accepted.**

6. An offer is never binding on the promisee until he has assented to it.

**When offer may be revoked.**

7. An offer, not supported by a consideration, may be revoked before acceptance, even though it expressly gives an offeree a definite time within which to accept.

[1]Reported in 195 N. W. 898.

**Offer to lease revoked by sale.**
    8. An offer to lease real property, based upon no consideration, is revoked by a sale with notice.

**Unaccepted offer not notice to purchaser.**
    9. An unaccepted offer gives nothing which a purchaser is required to notice.

**Agent authorized to make indorsement.**
    10. Record examined and *held* that agent was authorized to execute the indorsement.

**In forcible entry action municipal court is without jurisdiction over equitable defense.**
    11. A municipal court, having the same power as a justice court, in actions of forcible entry and detainer, has jurisdiction to entertain an answer setting forth any matter at law, in excuse, justification or avoidance, but does not have jurisdiction to entertain an answer setting forth, for such purposes, equitable matter in which the defendant seeks affirmative action in order that he may by reason thereof create a matter in defense.

**Answer in such action restricted to non-equitable defenses.**
    12. Matters forbidden in such answers are such measures as the common law methods were not adapted to enforce.

**Definition of equitable defense.**
    13. An "equitable defense" defined.

**Judgment in forcible entry action.**
    14. Effect of judgment in such actions—following William Weisman Holding Co. v. Miller, 152 Minn. 330.

**Court had jurisdiction to entertain answer in this case.**
    15. The answer in this case set forth matters strictly legal and the court had jurisdiction to entertain the same.

Action in the municipal court of Minneapolis for unlawful detainer of two store rooms in Temple Court Building in Minneapolis. The answer of defendant Cohen alleged that he had duly exercised the option given him by his lease from the Arcade Investment Company and, upon a tender to plaintiff of a new lease, it had refused to

execute the same. That at the time of bringing this action there was pending in the district court for Hennepin county, and undetermined, an action brought by defendant Cohen against the Arcade Investment Company and plaintiff in this action for specific performance of the contract for renewal of his lease, and for delivery to him of a new lease of said premises. The reply alleged that the indorsement of the original lease was executed without authority and without consideration, and was void. It also alleged that defendant Cohen's motion in this action for a stay pending the termination of the other action had been denied.

The case was tried before Nordbye, J., who denied plaintiff's motion for a directed verdict and a jury which returned a verdict of "not guilty." Plaintiff's motion for judgment notwithstanding the verdict was denied. From the judgment entered pursuant to the verdict, plaintiff appealed. Reversed.

*J. E. Brill* and *L. B. Schwartz,* for appellant.

*Robert S. Kolliner* and *S. Louis Shore,* for respondent.

WILSON, C. J.

This is an appeal from a judgment of the municipal court in the city of Minneapolis in an unlawful detainer action brought by plaintiff against defendants on the expiration of a written lease.

In August, 1914, the Arcade Investment Company owned the premises involved and then made a lease to defendant Cohen for a term commencing September 1, 1914, and ending December 31, 1922. Defendant Cohen made the other defendants herein his subtenants.

On or about April 11, 1919, certain writing was put upon the back of the lease, to-wit:

"The lessee is hereby given the option of renewing this lease for a period of five years from the expiration thereof at rate of two hundred fifty dollars ($250.00) per month for a period of five years upon giving six months notice before expiration of his intention so to do."

In January, 1920, the Weisman Realty Company, then known as the Northern Finance Company, acquired title from said prior owner

by deed expressly stating that the conveyance was made subject to existing leases.

On March 20, 1922, Cohen notified plaintiff, in writing, that he intended to renew said lease pursuant to the writing above mentioned, and later and on June 29, 1922, he presented to plaintiff a formal instrument for execution to effectuate such renewal and plaintiff refused to consider the same.

The case was tried to a jury which found for the defendants. Plaintiff moved the court for an order setting aside the verdict, and for judgment for plaintiff for restitution of the premises, notwithstanding the verdict. This motion was denied, and judgment was entered, and plaintiff now appeals from the judgment.

The defendants' entire defense in this case rests upon the indorsement on the back of the lease as above set forth.

At the threshold of this case, we are met with the inquiry as to the legal significance, if any, of this language so indorsed upon the back of the lease about five years after the lease was made. In what way, if at all, does the statute of frauds apply?

It cannot be claimed that this instrument may escape the statute of frauds on the theory that the contract was to be performed within one year by claiming that the performance would be the execution of the renewal lease. Hanson v. Marion, 128 Minn. 468, 151 N. W. 195. If this instrument has any legal efficacy, it, by virtue of the word "renewing," contemplated that a new lease would be made if defendant availed himself of the privileges therein mentioned. Luthey v. Joyce, 132 Minn. 451, 157 N. W. 708, L. R. A. 1916E, 1235.

The claim that this indorsement arises to the dignity of a contract must fall because of the fact that the language does not contain any words "expressing the consideration." G. S. 1913, § 6998. This language contemplates that a lease shall be made for a longer period than one year, and, since it does not express the consideration, it has no validity. Section 7003, G. S. 1913.

Upon the record in this case we are required to determine that, as a matter of fact, there was no consideration for this alleged contract. It has been suggested that the original lease, and the respective covenants therein, would constitute a consideration for

this indorsement made on the contract five years later. This cannot be true. That consideration was functus officio in the first instrument. The declaration in the lease as to the consideration therein precludes the conclusion that that consideration is the consideration for something entirely distinct and different. If this instrument represents a thing of value, it must be based upon a consideration, which in fact does not exist.

In the absence of a consideration there cannot be a contract. Little v. Rees, 34 Minn. 277, 26 N. W. 7; Confer Bros. Inc. v. Gleason, 148 Minn. 341, 181 N. W. 917; Titus v. Whitside, 228 Fed. 965. A very interesting and instructive case applicable to the principles involved is that of Ide v. Leiser, 10 Mont. 5, 24 Pac. 695, 24 Am. St. 17, wisely selected by Mr. Throckmorton in his Illustrated Cases on Contract, p. 20. This is true even though it be only a modification of an existing contract. Westfall v. Ellis, 141 Minn. 377, 170 N. W. 339; 13 C. J. § 607.

We construe this language as being a mere offer made without consideration. A mere unaccepted offer gives no right. Such an offer is ineffectual until accepted. It is the acceptance, while outstanding, which gives an option; not given upon a consideration, vitality.

As used in the law of contracts, an offer is a proposal to enter into a contract, and it is never binding upon the promisee until he has assented to it. The offerer may revoke his offer before it is accepted, and when not supported by consideration he may do this, even though he has expressly given the offeree a definite time within which to accept.

This offer was made by the Arcale Investment Company, which sold the premises to plaintiff before defendants accepted the offer. Defendants knowing that plaintiff had acquired the property, before they had accepted the offer, then attempted to hold plaintiff to this unaccepted offer made by its grantor. Plaintiff refused to recognize any liability arising out of the offer.

We think that such offer, based upon no consideration, is revoked by a sale with notice. Stensgaard v. Smith, 43 Minn. 11, 44 N. W. 669, 19 Am. St. 205; Wetmore v. Hudson, 149 Minn. 332, 183 N. W.

672; Ahern v. Baker, 34 Minn. 98, 24 N. W. 341; Morrison v. Johnson, 148 Minn. 343, 181 N. W. 945; Coleman v. Applegarth, 68 Md. 21, 21 Atl. 284, 6 Am. St. 417; Frank v. Stratford-Handcock, 13 Wyo. 37, 62, 77 Pac. 134, 67 L. R. A. 571, 11 Am. St. 963; 6 R. C. L. p. 603, § 26; 1 Page, Contracts, § 34; Noble v. Mann. (Ky.) 105 S. W. 152; Kernan v. Carter (Ky.) 104 S. W. 308.

A mere unaccepted offer gives neither a right nor an estate which a purchaser is bound to notice. James, Option Contracts, § 515; Sprague v. Schotte, 48 Ore. 609, 87 Pac. 1046; Graybill v. Brugh, 89 Va. 895, 17 S. E. 558, 21 L. R. A. 133, 37 Am. St. 894; Noble v. Mann (Ky.) 105 S. W. 152; Meynell v. Surtees, 25 L. J. Ch. 257.

Appellant claims that the record fails to show any competent proof of the authority of L. L. Olmstead to execute the paper, which we will now call the "offer." We have examined the record and circumstances which it discloses and conclude that the appellant's contention in this respect is not well founded.

This brings us to the consideration of the argument of counsel for appellant in reference to the power of the municipal court to entertain the defense set forth in the answer.

In proceedings of forcible entry and detainer the law provides (Sp. Laws 1889, p. 607, c. 34, § 14; G. S. 1878, c. 84, § 18; G. S. 1913, § 7662), that "all matters in excuse, justification or avoidance of the allegations in the complaint shall be set up in the answer." This refers to matters which in themselves constitute an excuse, justification or avoidance, which of themselves, and without affirmative aid from a court, entitle the defendant to retain the present possession, and not to include those matters upon which a proper court might afford the defendant affirmative relief, and which go to his right of possession only after such relief has been granted. Petsch v. Biggs, 31 Minn. 392, 18 N. W. 101. The law seems to confer upon justices' courts authority and power to determine these specific matters that may be set forth in the answer. It was never intended to make the justice court a tribunal for the administration of equity jurisprudence. To get relief in such matters, the defendant must apply to the district court, and, as this court has already said, if essential to the justice of the case, that court may, by injunction,

pending his action, protect him against the proceedings before the justice court.

The justice court, and the municipal courts which are reduced to the ranks of a justice court for the trial of these particular actions, can entertain an answer setting forth any matter at law, which is embraced within the above limitation, but cannot entertain and consider an answer containing equitable matter in which the defendant seeks affirmative action in order that he may, by reason thereof, create and establish a matter in defense. An equitable defense, which is not permitted, is a defense which a court of equity would recognize or one founded on some distinct ground of equitable jurisdiction.

Perhaps it is better to say that these matters, which these courts cannot entertain, are such measures as the common law methods were not adapted to enforce—such rights as can only be efficiently protected and made available by the means known as equitable.

An "equitable defense" includes all matters which would, before the adoption of the code, have authorized an application to a court of chancery for relief against a legal liability, and would have authorized affirmative relief to be granted to the party pleading it. Kelly v. Hurt, 74 Mo. 561; 20 C. J. 1302.

It is important to remember that the judgment in such action merely determines the right to the present possession of the property and is not a bar to enforce equitable rights, and that such judgment does not determine the ultimate rights of the parties. William Weisman Holding Co. v. Miller, 152 Minn. 330, 188 N. W. 732.

Applying these elementary principles to the answer of defendant in this case, we conclude that his alleged defense was purely a legal defense, and consequently was to be entertained in the trial court. He pleaded a contractual relation, which his evidence did not sustain. If he had had the contract, which he claimed, or any other contract entitling him to hold possession of the premises, he would have had a right at law in any court to prove that contract. The common law would permit such a defense to be proved and to establish the existence of such a contract, which is sufficient. The answer

in this case does not call for any affirmative act of the trial court. The best illustration of an equitable defense would be where a defendant seeks to reform his lease on the ground of mutual mistake so that it will give him a right to present possession which he does not have without such reformation. Such would be impossible under the rule under consideration. Our conclusion is that the answer stated a defense which the trial court, or a justice court, could entertain.

Because of the application of the statute of frauds, as above set forth, a new trial would be useless. Defendants could not cure this inherent weakness by proving the consideration they attempted to prove, and which was stricken, and concerning the validity of such consideration we make no comment.

It is therefore ordered that the judgment be reversed and that a writ of restitution issue.