E. J. DONAHOE, Appellee, v. FRANK D. GAGEN et al., Appellants.

No. 41512.

November 14, 1933.

Francis, Maley, Witmer & Todd, for appellants.

Cunningham & Scott, for appellee.

Anderson, J.—This was an action by the plaintiff-appellee against the defendants-appellants brought in the municipal court of Des Moines, Iowa, to recover $400 as commission or compensation on account of securing a loan for the defendants of $20,000 on real estate in the city of Des Moines. In his petition the plaintiff states that the defendants orally requested him to secure for them a loan or mortgage on certain property belonging to the defendants (described in plaintiff's petition); that the amount of the loan was not definitely agreed upon and that the defendants agreed to pay the plaintiff as a commission 2 per cent on the amount of any loan he was able to obtain for them; that the plaintiff-appellee did secure a loan for the said defendants upon the described property in the sum of $20,000 from the Register Life Insurance Company of Davenport, Iowa; and that on account thereof there is due and owing plaintiff from defendants the sum of $400; that said sum of $400 is the fair and reasonable value of the services rendered by the plaintiff. In an amendment the plaintiff further alleges that the defendants, Lenora Gagen, Linnie Gagen, and J. P. Gagen, authorized the plaintiff, through the defendant Frank D. Gagen, to secure the loan on the premises described; and that the said Frank D. Gagen acted for himself, and as the agent of his codefendants, in making the agreement with plaintiff to pay him a commission, if he would secure the loan in question; and plaintiff further alleges that the fair and reasonable value of his services rendered to the defendants and each of them is the sum of $400.

This petition was attacked by the defendants by motions to strike, to separate, and divide into counts, and to require plaintiff to elect whether he would proceed in the case upon his claim on

the specific contract, or upon the claim declared upon in *quantum meruit*. These motions were overruled by the trial court, and of such rulings the appellants complain. The rulings were correct with the exception that the plaintiff should have been required to set out his two causes of action in separate counts, as plaintiff had the right to plead in separate counts: (1) Express contract to pay a specified commission, (2) an implied contract to pay a reasonable commission. And plaintiff is entitled to have both issues submitted to the jury, if there is sufficient evidence to support both. This is the established rule in this state. Ranson-Ellis Co. v. Eppelsheimer, 205 Iowa 809, 218 N. W. 566. In the cited case we said:

"Our practice permits the cause of action arising from a single transaction to be set out in seperate counts, to meet the exigencies of the case as they may develop in the proofs. If all the evidence, * * * supports both causes of action, both should be submitted." Citing Fisher & Ball v. Carter, 178 Iowa 636, 160 N. W. 15; Tuffree v. Binford, 130 Iowa 532, 107 N. W. 425; Farmers Sav. Bank. v. Mercantile Co., 139 Iowa 246, 117 N. W. 672, 23 L. R. A. (N. S.) 889, 130 Am. St. Rep. 324.

■ A general denial was filed separately by each of the named defendants. The cause proceeded to trial, and the testimony developed sharp and decided conflicts as to the making of the contract between plaintiff and defendant Frank D. Gagen, and as to the liability of the defendants, other than Frank D. Gagen, for the claimed commission. There was no proof other than inferences and assumptions that the defendant Frank D. Gagen was acting for his codefendants. It appears that the title to the property mortgaged, and upon which the loan was secured, was in the names of Frank D. Gagen and Lenora Gagen, and that Linnie Gagen was the wife of Frank D. and J. P. Gagen was the husband of Lenora. The plaintiff testified directly that he made an oral contract with the defendant Frank D. Gagen to secure for him a loan upon certain real estate, and that he was to receive 2 per cent as his commission, regardless of the amount of the loan. The defendant Frank D. Gagen testified just as directly and positively that the contract was that he was to pay 2 per cent commission if the plaintiff secured a loan of $24,000. A loan of only $20,000 was secured, and there is a conflict in the evidence as to whether such loan was in fact

procured through the efforts of plaintiff-appellee. It would serve no purpose to set out the evidence in detail.

At the close of the testimony the court sustained appellee's motion for a directed verdict, dismissed the jury, and entered judgment for $375 and costs against all of the defendants. In this we think there was error. The defendants Linnie Gagen and J. P. Gagen, under plaintiff's testimony, were not title holders of the real estate mortgaged, and were not interested in any alleged contract made between the appellee and the appellant Frank D. Gagen. And there was also a sufficient conflict in the evidence, as to the making of the contract declared upon, and as to whether or not the plaintiff was the efficient and procuring cause of obtaining a loan, or in other words, whether it was through his efforts that the loan was obtained to warrant a submission to the jury.

Where there is a specific contradiction between parties as to the terms of an express contract, the fact question involved is always for the proper determination of a jury. So, in this case, the controverted questions as to the making of a contract, and as to its terms, and also as to whether or not the plaintiff performed any service under such contract for which he is entitled to compensation, were questions for the proper determination of the jury. So, too, if there was an implied contract under which plaintiff performed services for which he would be entitled to recover on *quantum meruit*, there would be a jury question as to the amount of such recovery.

Other errors are relied upon by the appellant involving the admission and exclusion of certain testimony, but as a new trial must result on the errors we have noticed, it is not necessary that we discuss the alleged errors in the introduction of the testimony. It follows from what we have said that the case must be, and it is, reversed.—Reversed and remanded.

ALBERT, C. J., and KINDIG, MITCHELL, STEVENS, KINTZINGER, and EVANS, JJ., concur.